Ira Day v. Richard F. Abbott.

It is a good replication to a plea in off-set of a judgment recovered, that
the whole judgment had been assigned to third persons, of which notice
had been given to the judgment debtor.

In such case it is not necessary that the judgment debtor, in replying such
assignment, should allege that the interest of the assignee is still sub-
sisting.  If the judgment creditor would avail himself of the ceasing of
the assignee's interest, he must set it forth in a rejoinder.

A replication setting forth an assignment of part of the judgment to one,
and the residue to another, is not double.

*Quere,* whether, if the whole legal interest had been assigned to one, the
statement of another assignment would not be treated as surplusage.

*Quere,* whether, in an action on book, commenced before the revised sta-
tutes went into operation, a plea in off-set can be sustained.

This was an action of book account, commenced in Feb-
ruary, 1840, in which there was a judgment to account, and
reference to an auditor, who reported a balance due the
plaintiff; which report was accepted by the court.

The defendant then plead in off-set a certain judgment in
his favor against the plaintiff, rendered in April, 1837, on
which he alleged there remained due, the sum of $209.80.
To this plea the plaintiff replied that, on the 20th of Novem-
ber, 1839, the defendant, being indebted to one Chapin
Keith in the sum of $200, in order to secure to the said
Keith the said sum, and what he might thereafter owe him,
transferred and assigned to him the whole amount due on
said judgment, of which the said Keith, on the same day—

having possession of the execution issued on the judgment— gave notice to the plaintiff. And the plaintiff further replied that, on the 20th day of June, 1841, the defendant assigned to one Thomas Towne the same judgment, to secure to him the sum of $45 due him from the defendant—of which the said Town on the same day, gave the plaintiff notice. To this replication there was a demurrer, and joinder in demurrer; and for special causes of demurrer, the defendant, among others, assigned,

1. That the replication was double, in that it alleged that the defendant assigned to Keith the whole amount due on said judgment, and also that he had assigned the same to said Towne—thereby setting forth two separate and distinct matters of defence to the declaration in off-set, requiring separate and distinct answers.

2. That it was not alleged in the replication that said supposed incumbrances, set forth in said replication, were, at the time of filing the same, in full force, uncancelled and undischarged, or that said judgment was not, at that time, the property of the defendant.

3. That it was not alleged in said replication that, at the time of filing the same, Keith and Towne, or either of them, were the owners of, or had any interest in, or control over said judgment.

The court sustained the demurrer, and rendered judgment for the defendant; to which decision the plaintiff excepted.

*N. Kinsman and L. B. Peck,* for plaintiff.

A plea, in order to be available, must, as a general rule, rely upon facts that existed at the commencement of the suit. *Evans v. Prosser,* 3 T. R. 186. So, upon the same principle, if matter in off-set is relied upon, it must be a debt which was legally and equitably the property of the defendant when the action was commenced, as it is now the settled rule that courts of law will protect the rights of the assignee of a *chose in action.*

The replication sets up the fact that prior to the commencement of the present action, the defendant assigned and transferred the judgment sought to be off-set, to a third person. If the defendant had subsequently discharged that lien, and re-purchased the judgment, he should have replied that

WASHINGTON, fact, instead of demurring. As the case stands, the court
March,
1843.     cannot allow the off-set without disregarding the rights of the
          assignee, and virtually overruling a series of adjudications by
Day       this court. *Strong* v. *Strong*, 2 Aiken 373; *Newell* v.
v.        *Adams*, 1 D. Chip. 346; *Lampson* v. *Fletcher*, 1 Vt. R.
Abbott.   168.

See also, *Makepeace* v. *Coats et al.*, 8 Mass. R. 451; *Ramsill* v. *Huntington*, 5 Day, 163; *Howe et al.* v. *Shepherd*, 2 Sumner, 409; *Satterlee et al.* v. *Ten Eyck*, 7 Cow. R. 480; *Raymond* v. *Squire*, 11 Johns. R. 47.

*O. H. Smith*, for defendant.

The first and fifth sections of Chap. 34, R. S. p. 212 and 13, authorize an off-set in an action on book, and direct the course of procedure in such cases.

The plaintiff's replication to the defendant's plea in off-set discloses no legal matter of defence. No precedent can be found for such a replication. It simply alleges that some third persons once had a conditional interest in the judgment and execution pleaded in off-set. It does not answer what it assumes to answer, and is therefore bad. 1 Chit. 509. It does not admit that Abbott ever had any cause of action, nor does it deny that it still exists. 1 Chit. 459. It is neither in avoidance, performance or discharge. 1 Swift's Dig. 617, 618. The plaintiff's replication is bad, for duplicity. 1 Chit. 511.

The opinion of the court was delivered by

WILLIAMS, Ch. J. — This action was commenced in February, 1840, before the Revised Statutes went into operation. It is an action on book, and, after the account had been adjusted by auditors, the defendant plead in offset a judgment in his favor against the plaintiff, Day, recovered in April, 1837, on which was due, at the time the plea was filed, the sum of two hundred and ten dollars and thirty cents. To this plea the plaintiff replies that, before the commencement of this suit, Abbott, the defendant, was indebted to Chapin Keith in the sum of two hundred dollars, and to secure Keith for what was then due, and what should thereafter be due him from Abbott, he assigned and transferred the judgment to Keith, of which Keith, having the execution which

issued on the judgment in his possession, notified the plaintiff, Day, before the commencement of this suit; and that, on the 20th of June, 1841, he, Abbott, also assigned to one Towne the same judgment, to secure him for a debt of forty-five dollars which he, Abbott, owed Towne, of which, also, notice was given to Day. To this replication there is a demurrer.

At the time this suit was commenced, no provision was made by the statute authorizing a plea in offset in an action on book; and, from the mode of proceeding in such action, no such plea could be received. Provision was made, in other actions, where the defendant had an unliquidated account, that he might file a declaration on book and have the account liquidated, and then plead the sum, ascertained to be due, in offset. We are not prepared to say that the Revised Statutes, on this subject, could have any effect on actions then pending. When this suit was commenced, the plaintiff was not liable to be defeated by a plea in offset; and it is not readily perceived that the legislature could enable a party to avail himself of a defence, in a pending suit, which he could not have done prior to, and except by, the legislative enactment. But waiving the consideration of this question, we think the replication is a complete and sufficient answer to the plea in offset.

The object of the plea is to enable Abbott to obtain satisfaction of the judgment against Day out of the money found due from him to Day in the present action, and thus to collect and appropriate to his own use the judgment which he has once transferred and assigned to others, his creditors.

It is now well settled that courts of law, as well as courts of equity, will protect the rights of an assignee of a chose in action, and will not permit a person, after he has assigned a chose in action for a valuable consideration, to defeat it by any discharge which he may give; and, as a consequence of this, they will not permit a defendant to avail himself of any defence arising from any transaction between him and the plaintiff, or any discharge from the plaintiff, executed after the assignment. In the case of *Legh* v. *Legh*, 1 Bos. & Pul. 447, the court would not permit a defendant to plead a discharge from the nominal plaintiff, who had assigned the demand; and in the case of *Winch* v. *Keely*, 1 Term R. 619,

where the bankruptcy of the plaintiff was plead in bar, a replication, setting forth that the suit, though in the name of the original party to the contract, was in reality for the benefit of another, was sustained.   When the interest of the assignee cannot be given in evidence under the general issue, and in no other way can the interest of the assignee be protected, except by a replication, setting forth the transfer and assignment, such replication is good.   The replication is, therefore, good in substance.   It sets forth that Abbott had assigned the judgment, and had ceased to have any equitable interest therein.   Day could not, after notice, avail himself of any defence thereafter to arise from any transaction between him and Abbott.

The state of the indebtedness between Abbott and Keith was not a subject to be investigated by Day.   If Abbott had assigned his whole interest in the judgment, of which notice was given to Day, it was not necessary for Day to allege in his replication, that Keith or Towne had any interest in the judgment, at the time the plea was filed other than is alleged in the replication.   If the judgment had ceased to belong to the assignee, and had been re-invested in Abbott, he should have set that forth, in a rejoinder.

The only question remaining is, whether the replication is ill for duplicity.   Duplicity in a plea is fatal on a demurrer.   Surplusage is not, though it may sometimes embarrass the party by requiring him to prove facts set forth, which would otherwise be immaterial.   The weight of authorities is, that matters immaterial cannot operate to make a plea double.   I am rather inclined to the opinion, that the statement of the assignment to Towne was immaterial and surplusage.   But as Abbott may be considered as having a remaining interest in the judgment, after the assignment to Keith, of ten dollars, the two assignments may be considered as one entire transaction, parting with his *whole* interest in the judgment, and both together, as constituting one connected and entire proposition.   In either view, the replication is not liable to the objections raised against it.   The other special causes of demurrer have not been urged in argument, and do not appear to be substantial.   The objections to the plea in offset are considered as fatal.   The judgment of the county court is re-

versed, and judgment must be entered that the replication is sufficient, and for the plaintiff to recover the sum found due by the auditor.