### NEWELL KINSMAN *v.* GEORGE  W. PAGE,

When a fact is averred in pleading, as existing, which is continuous in its nature,
it is to be taken as continuing, unless the contrary be averred, and, if the con-
trary be true, it should be replied by the  opposite party.

To an action of debt upon a judgment it is a good plea  in bar, that execution is-
sued upon the judgment declared upon, and the  defendant, by virtue thereof,
was arrested and committed to prison, without averring, that the defendant re-
mained in  prison until the  commencement of the present action.   Any facts,
which show  that the debtor has  been  discharged  from imprisonment, without
satisfaction of the judgment, should be replied by the plaintiff.

The *dictum* of CHIPMAN, Ch. J., in *Farnsworth*  v.  *Tilton*, 1 D. Ch. 297, that
to an action of debt on  judgment it is in no case  sufficient  to  plead in bar a
commitment only, denied.*

DEBT upon a judgment.   To the second and fourth pleas in bar
of the defendant the plaintiff demurred.   The second plea was, that
execution issued, in due form  of law,  upon the judgment described

in the declaration, and that the defendant was arrested and committed to prison by virtue thereof. In the fourth plea, after averring the commitment, as in the second plea, it was alleged, that the defendant, upon the commitment, gave a jail bond, in due form of law, and was thereupon admitted to the liberties of the prison, and that he departed therefrom, whereby the bond became forfeited to the sheriff and his assigns. The county court, November Term, 1847,—REDFIELD, J., presiding,—adjudged these pleas insufficient. Exceptions by defendant. Judgment was rendered for the plaintiff at a subsequent term and the case passed to the supreme court for revision.

*T. P. Redfield* for defendant.

It is admitted, in the pleading, that the defendant was arrested and committed to jail on the judgment, which is now sued, and that he has given a jail bond. The *arrest* is, at common law, a satisfaction of the debt. By the arrest and commitment and the taking of the jail bond, the judgment is merged in the bond. The creditor can recur to his judgment in two cases only, which are provided by statute;—1. When the defendant has been admitted to the poor debtor's oath, and thus cancelled the bond;—2. When, after three months' imprisonment, the creditor releases the debtor and discharges the bond; Rev. St. 460, §§ 41, 42. If the debtor passes out of the prison liberties, it is not a voluntary escape on his part,— for if so, he might be re-taken; *Jaques* v. *Withy*, 1 T. R. 557. *Baily* v. *Kimbal*, 1 D. Ch. 151. But this cannot be; *Jameson* v. *Isaacs*, 12 Vt. 611. *Willard* v. *Lull*, 20 Vt. 373. The defendant having pleaded, that he was duly *committed to prison*, if the plaintiff claim, that the contingencies have happened, by which the statute allows him to proceed against the property of the defendant, he should reply that fact.

*N. Kinsman pro se.*

The second plea is bad, because it only alleges the commitment of the defendant, without averring any satisfaction of the judgment, or that the defendant escaped by consent and direction of the plaintiff.

The fourth plea is also bad, for not alleging satisfaction of the judgment. Nothing will operate to vacate a judgment, when the defendant is committed on execution, except satisfaction of the execution, or an escape of the debtor by consent of the creditor. And, by statute, the creditor may release his debtor from imprisonment, after he has been committed three months, and still leave the judgment in full force. The defendant's giving a bond to the sheriff does not alter the case; the bond is only a security for the sheriff, and if the debtor escape, the plaintiff has, at his election, a remedy on the judgment. 1 D. Ch. 297.

The opinion of the court was delivered by

BENNETT, J. This is an action of debt on judgment, to which the defendant in the county court pleaded several pleas, to two of which, the second and fourth, the plaintiff demurred; and the county court adjudged the pleas insufficient. We shall only pass upon the second plea, as that must lead to a reversal of the judgment of the county court.

This plea, after admitting the judgment, as described in the declaration, proceeds to allege the issuing of the execution in due form of law against the property and body of the defendant, and a commitment of his body to the keeper of the jail of the county, within said prison, and a subsequent return of the execution to the proper office. It must be admitted by all, that so long as the body remains in custody, the right of action on the judgment is suspended. The body of the debtor is held as a pledge, and, in one sense, may be treated as a *quasi* satisfaction of the debt. So long as it continues in prison, the creditor can have no *other remedy*. The only question, then, on this plea, is, whether it was incumbent upon the pleader to have alleged, that the body of the debtor still remained in prison until the time of the commencement of the present action.

In regard to pleas in abatement, the highest degree of certainty is required; and it has sometimes been said, that it must be so great, as to lead to the *exclusion of a conclusion.* In regard to pleas in bar, rejoinders, and such other pleadings, on the part of the defendant, as go to the merits of the action, the lowest degree of certainty is allowable, which the rules of pleading will in any case tolerate,—and less certainty, than is required in declarations, repli-

Kinsman *v.* Page.

cations, and other pleadings on the part of the plaintiff. Can it, then, be necessary, that the defendant should anticipate, in his plea, matter appropriate for a replication, and negate it ?

If the defendant had been discharged by the plaintiff, or had escaped from prison without having paid the debt, either would be a good replication. If, to a plea of the statute of limitations, the plaintiff reply, that the defendant left the state before the right of action accrued, it will, I apprehend, be intended, that he continued to remain out of the state, without any distinct averment to that effect ; and if he did not, it should be so averred in the rejoinder to the plaintiff's replication. In the case of *Day* v. *Abbott*, 15 Vt. 632, the defendant pleaded in offset a certain judgment, which he had obtained against the plaintiff, and to this the plaintiff replied, that the defendant, being indebted to one Keith in $200, on the twentieth of November, 1839, to secure him that sum, and what he might thereafter owe him, assigned the judgment to Keith, of which the plaintiff the same day had notice. There was no averment in the replication, that Keith's debt remained due and unsatisfied at the time the replication was filed. It was held, that if the assignee's interest had ceased in the judgment, it should have come out in a rejoinder to the replication ; and the replication was held good upon demurrer. The principle seems to be, that where a fact is averred in pleading, as existing, which is continuous in its nature, it is to be taken as continuing, unless the contrary be averred ; and that, when averred, it should come from the opposing party. We think the principle well applies to the plea in question.

The plea alleges, that on a given day the defendant was committed to jail. If the defendant has been discharged by the plaintiff, or by taking the poor debtor's oath, or has escaped from prison, or been released by the sheriff, this is all new matter, and forms distinct and material matter for a new issue ; and we think it should be brought out in a replication. In the case of *Farnsworth* v. *Tilton*, 1 D. Ch. 297, the plaintiff replied an escape ; and though CHIPMAN, Ch J., advances the position, that a plea, stating a commitment of the debtor in execution, without showing that he still remained a prisoner, is bad, yet no such opinion was called for by the case before the court ; and however much we are disposed to reverence the memory and admire the learning of the late Ch. Jus-

tice Chipman, yet we are inclined to think this opinion unsound. It is certainly opposed to the principle assumed by the court in the case of *Day* v. *Abbott*, before cited.

As this plea is an answer to the action, *it is not* necessary, to dispose of the case, to consider the fourth plea. The judgment of the county court is reversed; and the plaintiff has liberty to plead anew, upon the usual terms as to costs.