ELENOR SHEERAN

v.

GEORGE E. SPARHAWK, APT.

January Term, 1896.

*Effect of imprisonment of debtor on other remedies.   Debt upon recognizance.*

1.  The imprisonment of a debtor on execution may suspend other remedies against him or his estate, but not collateral remedies.

2.  Debt will lie against a surety on appeal to the county court in justice ejectment proceedings, although the debtor is confined in jail upon an execution in the same case.

3.  If the plea alleges a commitment to jail, the confinement will be treated as still continuing in a hearing upon demurrer.

Debt upon recognizance. The defendant filed a special plea in bar. Heard upon the plaintiff's demurrer to this plea at the September term, 1895, Chittenden county, TAFT, J., presiding. Demurrer sustained *pro forma*. The defendant excepts.

*Henry Ballard* and *J. H. Macomber* for the defendant.

The confinement of the principal defendant in jail operated to suspend other remedies upon the judgment. *Kinsman* v. *Page*, 22 Vt. 628; *Rockhill et als.* v. *Hanna et als.*, 15 Howard, 196; *Hartland* v. *Hackett*, 57 Vt. 97; *Smead*,

*Admr.*, v. *McCowl et als.*, 12 Howard 408; *U. S.* v. *Stansbury*, 1 Peters 574; *Ins. Co.* v. *Lawrence*, 14 Johnson 55; *Sanger* v. *Wood*, 3 Johns. Ch. 416; *Goss* v. *Mather*, 46 N. Y. 689; *Degraw* v. *Elmore*, 50 N. Y. 3; *Kimball* v. *Cunningham*, 4 Mass. 502; *Hooker* v. *Hubbard*, 97 Mass. 177.

*D. J. Foster* for the plaintiff.

The remedy upon the recognizance is collateral and not affected by the imprisonment of the debtor. *Willard* v. *Lull*, 20 Vt. 377; *Hubbard* v. *Davis*, 1 Aiken 298.

MUNSON, J. The plaintiff brings this action of debt upon a recognizance entered into by the defendant upon the taking of an appeal by one Rockwood from a judgment rendered against him in a suit brought by this plaintiff to recover the possession of certain premises. The condition of the recognizance prescribed in such cases is, that the defendant shall enter the action in the county court, and pay the rent then due, and intervening rent, damages and costs. The defendant pleads in bar that the plaintiff caused said Rockwood to be committed to jail on an execution issued upon said judgment. The plea is demurred to.

Upon this state of the pleadings it is to be assumed that the debtor is still in prison. *Kinsman* v. *Page*, 22 Vt. 628; and it is said in some of our cases that as long as the debtor continues in prison the creditor can have no other remedy. *Farnsworth* v. *Tilton*, 1 D. Ch. 297; *Kinsman* v. *Page*, 22 Vt. 628. But it will be noticed that the cases in which this language was used were suits on the judgment, and that in the latter case the exact point of decision was, that while a debtor's body is held in execution the right of action on the judgment is suspended. It has also been held that a creditor cannot hold his debtor's body in execution and pursue his estate at the same time, and that the lien of an attachment is

lost by committing the debtor to jail.   *Willard* v. *Lull*, 20
Vt. 373.   This restriction upon the pursuit of other remedies
is put upon the ground that the taking of the body in execu-
tion is a *quasi* satisfaction of the debt; and it can be urged
with some force that this reason would require the suspension
of all remedies while the debtor remained in prison.   But a
distinction is generally made between direct and collateral
remedies, and this distinction has been repeatedly recognized
in our decisions.   It is said in the case last cited that the
commitment does not operate as a release of collateral reme-
dies which are so far perfected as not to depend for their sup-
port upon proceedings under the execution, and that the
creditor may pursue bail for costs, for appeal, or review, and
still hold the body of his debtor.   The same doctrine was
recognized in the earlier case of *Roger* v. *Davis*, 1 Aik. 296.

It is claimed, however, that *Hartland* v. *Hackett*, 57 Vt.
92, is an authority for the defendant's position.   In that case
the plaintiff held its delinquent tax-collector in jail on an ex-
tent, and prosecuted a suit on his bond as collector; and it
was held that the two remedies were elective and not concur-
rent, and that the prosecution of one was a bar to the other.
The case was disposed of on this ground, without considering
whether the imprisonment of the defendant was in any sense
a satisfaction of the debt.   This case may have been rightly
decided, but it is certain that the opinion fails to distinguish
properly between consistent and inconsistent remedies.
Clearly, the remedy upon this recognizance is not inconsistent
with the remedy against the debtor's body, and the case can-
not be disposed of on the ground of election.

If the plea is to be held sufficient, it must be upon the
ground that the taking of the body in execution is a *quasi*
satisfaction of the debt.   But this court, while holding that
the imprisonment is to be treated as a *quasi* satisfaction as
regards other remedies against the debtor or his estate, has
said that it was not to be so treated as regards collateral

remedies.    If it be urged that a logical treatment of the rule would require its application to all remedies, it may be remarked that the rule itself is founded upon a fiction, and that mere inconsistency is not a sufficient ground for overturning an established distinction by which the scope of an arbitrary rule is arbitrarily restricted.    But we think the exclusion of the remedy invoked here from the operation of the rule is not without reason.    In appeals under this statute, which is designed to afford a summary remedy, the defendant is permitted to retain possession of the premises pending the appeal, upon furnishing a distinct and independent security, in addition to that afforded by his person and estate.    It would seem that a security of this character should be at once available to the creditor, whatever the course taken as between the debtor's body and his estate, and whatever temporary effect be given it in other proceedings against the debtor.    We see no reason why the creditor should not be permitted to follow both the debtor and his surety until he obtains a real satisfaction.

*Judgment affirmed.*