Delk *v.* Yelton.

DELK   *v.*   YELTON.

(*Knoxville.*   November   11,   1899.)

1. HOMESTEAD.   *Effect of levying officer's failure to assign.*

The sale, under execution, of land which is subject to homestead and of greater value than $1,000, without assignment of homestead therein to the debtor, is voidable at his election. The statute requiring the officer levying execution to assign homestead in the lands levied on, is so far mandatory as to render the sale made without compliance with its terms voidable. It is the sale. not the levy, that is voidable.   (*Post, pp. 479, 480.*) .

Code construed: §§ 3798, 3804 (S.); §§ 2935, 2940 (M. & V.); §§ 2110a, 2114a, 2116a (T. & S.).

Cases cited: Cowan *v.* Carson, 101 Tenn., 523; Briscoe *v.* Vaughn, *ante,* p. 308; Flatt *v.* Mack, 16 Lea, 371; Gray *v.* Baird, 4 Lea, 212; Burnett *v.* Austin, 10 Lea, 565.

2. RES ADJUDICATA.   *What is not.*

A decree dismissing a bill, which has been vacated by appeal. is not such an adjudication of the matters therein pleaded as will defeat a subsequent bill filed for the same purpose. (*Post, pp. 481–483.*)

---

.FROM   FENTRESS.

---

..Appeal   from   the   Chancery   Court   of   Fentress County.   THOS.   J.   FISHER,   Ch.

SMITH   &   SMITH   for   Delk.

YOUNG,   YOUNG   &   FROGGE   for   Yelton.

CALDWELL, J. This cause stands on bill and demurrer. The Chancellor sustained the demurrer and dismissed the bill, and the Court of Chancery Appeals affirmed his decree.

Two objects are sought in the bill: First, the vacation and annulment of a decree obtained by the defendant against the complainant in the Chancery Court of Fentress County, for $354.57; and, second, the vacation and annulment of the sale of a certain tract of complainant's land under an execution issued from that decree.

As to the first object, it is only necessary to say, in general terms, that the bill fails to allege any valid objection to the decree, and, hence, that the demurrer to that extent was well taken and properly sustained.

As to the question of sale, complainant alleges that an execution issued on the decree in question, was levied on a tract of land on which the complainant resided with his family; that the land contained 500 or 600 acres, and was worth from $3,500 to $4,000; that the levy recited that it was made subject to complainant's right of homestead; that no homestead was assigned to him, but the whole of the tract was sold to the defendant for $370, subject to complainant's homestead rights; and that the two years allowed by law for redemption would soon expire. Upon these allegations of fact the complainant charged, as a

matter of law, that the sale of his land was void, because commissioners were not appointed and homestead assigned as provided by statute.

The demurrer to this part of his bill was, "because the bill does not show that complainant has been deprived of his homestead, or ousted of same, or that he is being threatened with any such ouster, but, on the other hand, the bill shows that the possession is undisturbed, and because the statute for the laying off of homestead is directory and not mandatory."

Taking the allegations of the bill to be true, as must be done on demurrer, there can be no doubt that the Sheriff in this cause failed to discharge a plain statutory duty in respect to complainant's homestead. The law entitles every head of a family, owning real estate, to a homestead therein to the extent of one thousand dollars in value (Const., Art. XI., Sec. 11; Code T. & S., Secs. 2110*a*, 2114*a*; M. & V., Sec. 2935; Shannon, Sec. 3798); and it requires that, "Whenever real estate of such head of a family is levied on by execution or attachment, his or her homestead shall be set apart in the following manner: The officer executing the writ shall summon three disinterested freeholders, not connected with the parties, and administer to them an oath to set apart said homestead out of the real estate so levied on; said freeholders shall examine the premises,

and, upon oath, set apart said homestead, including the mansion and outhouses, if so desired by the head of the family, and set out in writing the boundaries thereof, and certify that such is the homestead set apart by them, and deliver the same (the certificate) to the debtor, and the remainder only of such lands so levied on or attached shall be subject to sale, which fact shall be returned on the execution." Code, T. & S., Sec. 2116a; M. & V., Sec. 2940; Shannon, Sec. 3804.

This requirement as to the appointment of disinterested freeholders, and the assignment of homestead by them is mandatory in such sense that the Sheriff is in no case justified in selling land on which the head of a family resides, or in which he claims a homestead, if worth more than one thousand dollars, without strict compliance with its terms, and when land subject to the right of homestead and of greater value than one thousand dollars, is by him sold without such assignment of homestead, and purchased by the judgment creditor, as in this case, the sale may be avoided by the debtor, at his election, by means of a bill filed for that purpose, as has been done in the present instance.

Some of the many good reasons for this holding are that the statute, in express terms, makes it the duty of the Sheriff to have the assignment

made before sale; that the separation of the land to be sold from that to which the homestead right is limited, facilitates intelligent bidding, and tends to produce a better price for the land sold; that such assignment, if proceeds of the part sold satisfy the debt, will leave the homestead unincumbered and capable of being sold by the debtor and passed to his vendee. *Cowan, McClung & Co.* v. *Carson,* 101 Tenn., 523; *Briscoe* v. *Vaughan, ante,* p. 308.

The fact that the debtor may be left in possession of the whole tract of land when sold subject to his homestead rights, as in the present case, cannot, as suggested in the demurrer, cure the omission in the Sheriff's action, enhance the title of the purchaser, or militate against the legal right of the debtor to have the sale vacated and annulled.

It has been held that the appointment of freeholders and assignment of homestead by them is not necessary when the real estate levied on is of less value than one thousand dollars (*Flatt* v. *Mack Stadler & Co.,* 16 Lea, 371; *Briscoe* v. *Vaughan, ante,* p. 308), and that the failure to set apart the homestead in no case deprives the debtor of his right thereto (*Gray* v. *Baird,* 4 Lea, 212; *Burnett* v. *Austin,* 10 Lea, 565), and that to protect this right homestead may be set apart in an ejectment suit. *Arnold* v. *Jones,* 9 Lea,

545; *Burnett* v. *Austin,* 10 Lea, 566. But the failure to pursue the law when the land levied on is subject to homestead, and worth more than one thousand dollars, has never been sanctioned or approved by this Court. In the last three cases mentioned the Court only protected the debtor's right, and adjudged that he should sustain no loss through the dereliction of the Sheriff, but it did not set the seal of its approval to his failure to observe the plain requirement of the statute.

This bill further alleged that the complainant had filed a former bill in the same Court and for the same relief; that in consequence of defective allegations in that bill, it was dismissed on demurrer; that complainant had appealed from the decree of dismissal, and that the former cause was still pending in this Court.

Upon these allegations it was asked that the former cause be enjoined, and that complainant be allowed to dismiss his appeal therein without prejudice, and to have a hearing on a fuller and more accurate presentation of his case. The facts thus alleged as to the former cause were pleaded as *res adjudicata* in one assignment of the demurrer to the present bill, and the Court of Chancery Appeals, in sustaining that and other assignments of the demurrer, and dismissing the present bill, as did the Chancellor, stated additionally in

19 P—31

its opinion that it had heard the former cause, and affirmed the Chancellor's decree, dismissing the bill therein.

Obviously, the facts disclosed in the present bill as to the former suit do not show a case of *res adjudicata.* The appeal from the decree dismissing the former bill vacated that decree, and that cause was pending in this Court unadjudged and for hearing *de novo* when the present bill was filed. The most that defendant could properly have made of the pendency of the former bill, as a defense to the present one, was only a ground or basis for an order to compel the complainant to elect which of the two bills he would prosecute, and that defense he might have made available by motion or by plea of former suit pending, but not by demurrer pleading *res adjudicata.* Nor could the Court of Chancery Appeals rightly bring to the aid of this demurrer, and to the defeat of the present bill under it, the independent and subsequent fact that the former cause had, by that Court, been heard and disposed of by final decree after the filing of the present bill and before the hearing of the present cause in that Court. Subsequent steps taken in the former cause cannot be brought into the record in this cause in that way.

It is not amiss to remark, in conclusion, that the allegations of the bill before us did not show an invalid levy upon the complainant's land, but only a sale that is voidable at his election.

Delk *v.* Yelton.

Reverse and remand for further proceedings as to that part of the bill impeaching the sale of complainant's land. Each party will pay one-half of the costs of this appeal, and the costs accrued and to accrue below will be adjudged by the Chancellor.