## HAMBY v. LANE.

### (*Knoxville.* November 2, 1901.)

1. HOMESTEAD. *How set up in pleadings.*

In a suit against husband and wife, by the husband's creditors, to set aside a conveyance of realty made by him to his wife as voluntary or fraudulent, and subject the property to his debts, it is not essential that the wife set up and claim in her pleadings her right of homestead, *eo nomine*, in such realty, but it is sufficient, if it appear from all the facts averred in the pleadings that she is entitled to homestead in the property. The pleadings in this case, though informal, sufficiently state her right to homestead. (*Post, pp. 699–701.*)

Cases cited: Smith v. Carter Bros., 16 Lea, 527; Gray v. Baird, 4 Lea, 215.

2. SAME. *Wife's right not defeated by husband's fraudulent conveyance to her.*

The wife's right of homestead is not defeated by the husband's fraudulent conveyance to her of the property to which that right has attached, even though she participated in the fraud. (*Post, pp. 701–703.*)

Constitution construed: Art. 11, Sec. 2.

Code construed: § 3798 (S.); § 2935 (M. & V.); §§ 2110a, 2114a (T. & S.).

Cases cited: Ruohs v. Hooke, 3 Lea, 302; Powell v. Warren, 2 Shannon, 144; Howell v. Thompson, 95 Tenn., 396; Gray v. Baird, 4 Lea, 215; Cox v. Ballentine, 1 Bax., 363; Cronon v. Honor, 10 Heis., 533; Mynatt v. Magill, 3 Lea, 72.

### FROM MORGAN.

Appeal from Chancery Court of Morgan County. H. G. KYLE, Judge.

WRIGHT, WRIGHT & MORRIS, for Hamby.

JOHN M. DAVIS, for Lane.

WILKES, J. The original bill in this cause was filed to set aside a conveyance made by George W. Lane to his wife, L. E. Lane, upon the ground that it was voluntary and fraudulent in law and fact. The Chancellor held that the conveyance was voluntary, and directed the land to be sold, free from the right of redemption and free from the homestead exemption. The defendants prayed an appeal which was refused, and the land was sold and bought in by the complainant for $120. The report of sale was confirmed and and title was divested out of Lane and wife and vested in complainant, and the defendant Lane and wife appealed, and assigned as error that the sale was improperly made free from the homestead exemption. The Court of Chancery Appeals modified the decree of the Chancellor, set aside the sale and remanded the cause to the Chancery Court of Morgan County to the end that a resale might be had subject to the homestead exemption, upon a credit of six and twelve months and free from any right of redemption. The Court of Chancery Appeals found that the conveyance of Lane to his wife was voluntary and fraudulent in law, inasmuch as Lane was indebted to insolvency when the conveyance was made. That Court considers the questions whether the conveyance was not also fraudulent in fact, and, while their finding upon this

feature is somewhat equivocal, it is in substance and effect that the conveyance was not only voluntary but made for the purpose of defrauding the creditors of the husband, and this fraud was known to the wife and participated in by her, at least to the extent that she attempted to fraudulently withhold the lands from the creditors of the husband after the filing of this bill. The costs of the cause, up to the entry of the decree of sale, were adjudged against the defendants, and subsequent to that decree to the complainants, including the costs of the appeal. Complainants have prayed a broad appeal to this Court and assigned quite a number of errors. It is not necessary to take these up *seriatim*, and we will proceed to consider the real grounds of objection.

It is said it was error to hold that defendants had a homestead in the land; that if, as 'a matter of law, they had a homestead, it was error to so adjudge in the absence of any plea setting it up in express terms, and in holding that the statements of the answer were sufficient to set up such homestead without a formal plea for that purpose, and finally that costs should not have been adjudged against complainant. It is averred in complainant's bill that defendant Lane, at the time of the conveyance and when the bill was filled, owned no other real estate than that in controversy; and the Court of Chancery Appeals find this to be the fact, as well as that Lane was the head of a family. These

Hamby *v.* Lane.

facts entitle him to a homestead. It is next said
that he did not claim the homestead by proper
plea. In the answer of Lane and wife to the bill
they denied the right of complainant to sell the
land. Among other things it was said: "The de-
fendant Lane admits that he is a poor man. He
has no property subject to execution. He also ad-
mits that he has no real estate, but he is advised
that this is no offense and affords no good and
lawful reason why the home of his wife, the co-
defendant, should be sold to satisfy a debt that she
did not in anywise contract."

It is not necessary that the homestead exemption
should be set up by plea or special claim, when
facts are stated which clearly show that it exists, as
in this case. *Smith and Wife* v. *Carter Bros. &
Co.*, 16 Lea, 527 ; *Gray and Wife* v. *Baird*, 4 Lea,
215. But if it were necessary to make the claim,
the allegations in this answer are sufficient for that
purpose. The next question presented is whether
the husband and wife have lost, waived or forfeited
their homestead as the result of the conveyance by
the husband to the wife. It is held in quite a num-
ber of cases that the wife is not estopped to claim
homestead in lands conveyed to her without considera-
tion by the husband upon the deed being set aside
by his creditors when she did not participate in the
fraud. *Ruohs* v. *Hooke*, 3 Lea, 302 ; *Powell* v.
*Warren*, 2 Shannon, 144 ; *Howell* v. *Thompson*, 11
Pickle, 396, 401.

And it is equally true that if the conveyance of the property be fraudulent in intent on the part of the husband and wife it will not defeat the homestead right of either, but only operate as against the remainder or reversionary interest of the husband. The homestead is a constitutional exemption, and can only be alienated by the joint conveyance of the husband and wife. Constitution, Art. XI, Sec. 2.

It cannot be taken for the husband's debts against the wish of either the husband or wife. *Gray* v. *Baird*, 4 Lea, 215 ; Shannon, § 3798.

It may, it is true, be abandoned, as in case of removal from the State and becoming a resident of another State. *Farris* v. *Sipes*, 15 Pickle, 298.

And if the husband and wife join in a fraudulant conveyance to a third party, she may lose the exemption by virtue of the principle of estoppel. *Cowan, McClung & Co.* v. *Johnston;* 2 Shannon, 41.

It is true that in *Nichols* v. *Davidson County*, 8 Lea, 389, it was held that the husband's fraudulent conveyance to the wife of the homestead would defeat the claim of the wife. But this was a homestead under the Act of 1868, by which the wife had no interest in the homestead, and the husband alone could convey it. Fraud cannot be predicated of a conveyance of exempt property, so as to have the effect to let in creditors to seize it for their debts against the husband. The owner of it may dispose of it by sale or mortgage at his discretion.

*Cox* v. *Ballentine*, 1 Bax., 363; *Cronan* v. *Honor*, 10 Heis., 533; *Mynatt* v. *Magill*, 5 Lea, 72.

It does not matter, therefore, if the conveyance from the husband to the wife be fraudulent in fact, nor that both participated in the fraudulent intent, or that the conveyance was merely voluntary, it cannot deprive either of the homestead exemption.

The Court of Chancery Appeals was correct in holding that when the wife has not joined in a conveyance to a third party she is not divested of the homestead, and the mere acceptance, though she may know of its fraudulent purpose, of a voluntary conveyance by her husband when he is indebted, does not debar her from claiming the homestead; and it might, and in this case should, have gone further, and held that, though the purpose of the husband and wife may have been fraudulent, still the creditors could not reach the homestead exemption as the result of such conveyance. *Howell* v. *Thompson*, 11 Pickle, 401.

The remainder or reversionary interest may in such case be reached—that is, the land may be sold subject to the homestead exemption for the debts of the husband, and this is what the Court of Chancery Appeals directed and decreed.

The costs of this cause subsequent to the decree of sale, and including that decree and the costs of the appeal, are properly taxable to complainant, as he was in error from that time forward. The other costs are properly adjudicated by the Court of Chan-

Hamby *v.* Lane.

cery Appeals — that is, the defendant Lane will be taxed with the costs accrued up to the entry of the decree, and the costs hereafter to accrue will be taxed by the Chancellor as he may see fit.