### ALEXANDER v. BOBIER et al.

No. 8158— Opinion Filed July 10, 1917.

(166 Pac. 716.)

**1. Witnesses — Competency — Transactions with Decedent.**

In an action brought by an administrator, the widow and stepdaughter of deceased, neither being a party to the action, are competent witnesses to testify as to transactions and conversations had personally by the defendant with deceased. Such witnesses do not fall within the inhibitions of section 5049, Revised Laws of 1910; neither are they made incompetent on account of the interest that they might have in the result of the action.

**2. Pleading—Presumptions.**

When a petition avers facts of a continuous nature, which precludes the recovery of the plaintiff, they will be presumed to continue to exist unless the contrary is averred.

**3. Homestead—Conveyance—Effect of.**

The transfer of the naked legal title of the homestead, retaining the possession and use of same by grantors, even when done with the purpose and intent to defraud creditors, does not destroy the homestead character so as to render it subject to the claims of creditors

**4. Homestead—Character of.**

An equitable title or ownership, together with the possession and occupancy as a home, is sufficient basis to support the homestead.

(Syllabus by Pryor, C.)

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by R. L. Alexander, administrator of estate of J. R. Bobier, deceased, against Thomas E. Bobier and another. There was a judgment for defendants, and plaintiff brings error. Remanded, with directions to dismiss.

On the 17th day of September, 1914, R. L. Alexander, administrator of the estate of J. R. Bobier, deceased, commenced an action in the superior court of Pottawatomie county against Thomas E. Bobier and Mat Mullins to procure a decree declaring that Thomas E. Bobier held certain lands in Pottawatomie county in trust for the estate of the said J. R. Bobier, deceased, and to have a rental contract held by Mat Mullins, defendant, canceled, and to secure judgment subjecting said lands to the payments of the debts of the estate. On the 11th day of October, 1915, the court rendered judgment in favor of the defendants and against the plaintiff, and from this judgment the plaintiff appeals to this court to have said cause reviewed.

The petition, in so far as it is necessary to set out here, alleges, in substance, that on the 6th day of November, 1906, the deceased, J. R. Bobier, and his wife, Louisa Bobier, made and executed a warranty deed to certain lands lying in Pottawatomie county, Oklahoma, to Thomas E. Bobier, son of J. R. Bobier; that said deed was only intended to convey said lands to Thomas E. Bobier in trust, and upon the express understanding and agreement with the said Thomas E. Bobier that he would reconvey said property to the deceased, J. R. Bobier, upon request made to him by the said J. R. Bobier; that the reason for making this conveyance was that the McLaughlin Horse Company held a promissory note against the said J. R. Bobier, given by the said J. R. Bobier for the payment of the purchase price of a certain stallion which proved worthless; that he feared the said horse company would procure judgment against him and take his home away from him, and the purpose of said conveyance was to place said home beyond the reach of said creditor.

The petition further alleges: That said premises were the homestead of the said J. R. Bobier, and that he and his family occupied the same, and were in possession of the same at the time of the making of said deed and up until his death on the 30th day of March, 1914. That on the 23rd day of March, 1914, just prior to the death of the said J. R. Bobier, he made and delivered to the defendant Thomas E. Bobier the following instrument.

"Asher, March, 23, 1914.

"I, J. R. Bobier, hereby designate and appoint my son, T. E. Bobier, after my demise to take charge of all my property and wind up my business according to law in such cases. If necessary the land hereinafter de-

scribed may be sold to satisfy any just claim against my estate, viz. east half southwest quarter and the S. W. quarter of the southwest quarter Sec. 13—6-3 east.

"And it is my desire that the court accept said appointment without bond.

"(Signed) J. R. Bobier.

"Attest: I. P. Horn.

"A. P. Rawlings."

That said warranty deed was made and delivered to the defendant by the said J. R. Bobier and wife without any consideration whatever except his promise to reconvey the same upon the request of the grantor, J. R. Bobier. The petition also states that the defendant Thomas E. Bobier, at the time of the conveyance, had no intention to perform the said trust or reconvey said property, and now is refusing to comply with the agreement that he had with his father, J. R. Bobier, at the time of the making of said conveyance.

The petition is silent as to who constituted the family of the said J. R. Bobier, or whether or not there were minor children, and is also silent as to who was in possession of the property at the time of the commencement of this suit.

W. T. Williams, W. M. Engart, and Edward Howell, for plaintiff in err. r.

Baldwin & Carlton, for defendants in error.

Opinion by PRYOR, C. (after stating the facts as above). The principal error complained of in this case is the exclusion by the court of evidence offered on the part of the plaintiff and objected to by the defendant.

At the trial of said cause, the plaintiff offered to prove by Ida Horn, stepdaughter of the deceased, and Louisa Bobier, widow of the deceased, the conversations between the deceased and the grantee, the agreement as to the purpose of making the deed and the understanding between the deceased and the grantee, Thomas E. Bobier, as to the disposition of the land, and for whose use and benefit the said grantee was to hold said land, and that there was no consideration from Thomas E. Bobier to J. R. Bobier. The defendant objected to these witnesses testifying, on the ground that under section 5049, Revised Laws of 1910, they were incompetent. The court sustained the objection of the defendant to the competency of the witnesses, and ruled that they could not testify as to any conversation or transaction between the defendant Thomas E. Bobier and the deceased, J. R. Bobier. The statute referred to, in so far as it is material here, is as follows:

"No party to a civil action shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person, where such party has acquired title to the cause of action immediately from such deceased person. * * *"

It is apparent from examination of this statute that these witnesses do not fall within the inhibition of its provision. Neither of them are parties to the action; they are not called upon to testify in their own behalf; they are not called upon to testify to any transaction or communication had personally with the deceased; neither are they claiming to have acquired title to the cause of action immediately from the deceased. The purpose of this statute is to prohibit a party to an action from testifying to transactions or communications that he might have had personally with the deceased, and not to prohibit third parties or strangers to the action from testifying to any conversation that the party might have had with the deceased. It is the intent of the statute not to allow a party to testify to transactions and conversations that he might have had with a deceased person for the reason that a deceased person cannot testify as to his version of the conversation or transaction. It is the purpose of the statute to put the living and the representatives or successors of the dead on an equality as to the conversations and transactions that the living might have had with the dead. As death has sealed the lips of one, the law seals the lips of the other.

The further objection is made to the testimony of Ida Horn, for the reason that she has a claim against the estate of the deceased, and that if this suit should be determined in favor of the plaintiff, she would be benefited by the result. In this state no person is incompetent to testify by reason of his er her interest in the subject-matter. And the above statute referred to places the incompetency on an entirely different ground. In Griffin v. Robertson, 73 Kan. 666, 85 Pac. 748, it is held:

"A daughter or other party prosecuting a claim against the estate of a deceased person is competent to testify to conversations had between the deceased and a third person in the presence and hearing of the witness."

These witnesses were competent to testify to the allegations which they were produced to prove. Their testimony was material and necessary to the establishing of the plaintiff's cause of action, and therefore the court committed prejudicial error in holding that these witnesses were not com-

petent to testify, if it were not for the following reasons:

The defendant in error, however, has raised the question that the petition does not state facts sufficient to constitute a cause of action. The petition alleges that the property involved in this action was the homestead of the deceased and his family, and alleges facts sufficient to show that he and his family occupied the same as such at the time of the making of said deed, and continued to occupy the same as their homestead until the death of J. R. Bobier; as to who occupied the premises subsequent to the death of J. R. Bobier, the petition is silent.

Under section 6328 et seq. of Revised Laws of 1910, the homestead does not pass into the hands of the administrator, and he has no power or authority to sell the same for the purpose of paying creditors of the estate; it is reserved for the wife and minor children. Funk v. Barker, 21 Okla. 402, 96 Pac. 608, 129 Am. St. Rep. 788.

The petition having stated facts sufficient to show that the property involved in this cause was the homestead of the family, it would be a bar to the maintenance of this action by the plaintiff, the administrator, unless the petition states facts sufficient to show that the homestead character has terminated. It is a familiar rule in the law of evidence that when a fact is once established, it is presumed to continue to exist until the contrary is shown. This rule applies with like force to pleading. The petition having stated facts which constitute a bar to the plaintiff's recovery, such facts being of a continuous nature, it must state facts sufficient to show that such bar no longer exists before the plaintiff can prevail. Thomasson v. Merc. Town Mut. Ins. Co., 114 Mo. App. 109, 89 S. W. 564, 1135; Kinsman v. Page, 22 Vt. 628; 31 Cyc. 86.

The petition states facts sufficient to show that the conveyance mentioned was a fraudulent conveyance, if the property conveyed were not the homestead of the grantors. This raises the question whether or not there can be a fraudulent conveyance of the homestead, or whether or not the owner of the homestead can convey his property in such a manner as to perpetrate a fraud upon his creditors.

The law has made the homestead free and independent of its owner's debts and creditors, and in extending credit to his debtor the creditor need never take in consideration the homestead as an asset of his debtor, to which he can look for the satisfaction of the debt. The creditor is not permitted to inquire into the manner of the disposition of a homestead. The owners of homesteads have a right to dispose of the same as they see fit without interference by their creditors. The law has placed the homestead beyond the reach of the creditors, and it would be anomalous to say that it would be a fraud for the debtor to attempt to do the same thing. A conveyance of a homestead with intent to defeat creditors does not destroy or terminate the homestead. Dulion v. Harkness, 80 Miss. 8, 31 South. 416, 92 Am. St. Rep. 563; Dortch v. Benton, 98 N. C. 190, 3 S. E. 638, 2 Am. St. Rep. 331; McPhee v. O'Rourke, 10 Colo. 301, 15 Pac. 420, 3 Am. St. Rep. 579; Hamby v. Lane, 107 Tenn. 698, 64 S. W. 1067, 89 Am. St. Rep. 967; Kershaw v. Willey, 22 Okla. 677, 98 Pac. 908; Hixon v. George, 18 Kan. 253; Monroe v. May, 9 Kan. 466; Wilson v. Taylor, 49 Kan. 774, 31 Pac. 697; 20 Cyc. 381. Neither does the transfer of the legal title to a third person extinguish or terminate the homestead. An equitable title or interest is a sufficient basis to support the homestead estate. Perry v. Ross, 104 Cal. 15, 37 Pac. 757, 43 Am. St. Rep. 66; Lessell v. Goodman, 97 Iowa, 681, 66 N. W. 917, 59 Am. St. Rep. 432; Tarrant v. Swain, 15 Kan. 146; Moore v. Reaves, 15 Kan. 150; Stowell v. Kerr, 72 Kan. 330, 83 Pac. 827; Dallemand v. Mannon, 4 Colo. App. 262, 35 Pac. 679; Hunter v. Griffith, 12 Okla. 436, 72 Pac. 361.

Therefore the deed from J. R. Bobier and wife did not affect the homestead. It is not necessary to determine the force and effect of the instrument above set out if the wife had joined in the execution of the same; it is sufficient to say, as she did not join in the execution thereof, that it cannot affect the homestead.

It must follow that the transactions alleged in said petition did not and do not destroy or terminate the homestead; there being no averments of the dissolution of the family. The petition, after alleging that the said property was the homestead, and having failed to state facts to the contrary, fails to state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendants.

The cause should be remanded to the trial court, with directions to dismiss the same.

By the Court: It is so ordered.