ALLIE E. BEARD v. WHITFIELD BEARD et al.

Western Section, June 22, 1928.

Petition for Certiorari denied by Supreme Court, February 9, 1929.

B. F. Booth, of Memphis, for appellee.
W. C. Rodgers, of Memphis, for appellant.

OWEN, J. This is a divorce suit.

The defendant, Whitfield Beard, has appealed from a decree rendered against him wherein the bonds of matrimony subsisting between the complainant and defendant were dissolved. The Chancellor also held that complainant was entitled to a homestead in certain real estate described in the bill and commissioners were appointed to set aside a homestead to the complainant. Charles T. Everetts and Edward Nash were made defendants. It appears that these two defendants claim certain liens and mortgages on the real estate of defendant. The bill in the instant case was filed February 3, 1927. Complainant filed a bill for divorce against the defendant in January 1925, in the circuit court of Shelby county. There was a decree in her favor in the lower court, but upon appeal to this court this court held that the circuit court was without jurisdiction and the complainant's bill was dismissed. To the bill filed in January 1925 the defendant filed an answer and in said answer he made the following allegations: "Since plaintiff's abandonment of this defendant she has lived almost continuously in adultery with other men and has recently made a public confession of this fact, naming some of the parties with whom she has been guilty, and this defendant, by her said conduct, is released from any obligation to the plaintiff both legally and morally."

The complainant in the instant case alleged that said charge or statement made in the answer of the defendant's former suit was false and complainant charged that by making such false statements the defendant was guilty of such cruel and inhuman treatment or conduct towards complainant as to render it unsafe and improper for her to cohabit with him and be under his dominion and control. She also charged abandonment and wilful desertion.

The defendant filed a plea of res adjudicata, making the transcript in the suit which was dismissed by this court a part of his plea. The court overruled and disallowed the plea of res adjudicata and, as heretofore stated, sustained the complainant's bill and granted the relief heretofore set out

This court, speaking through Judge Heiskell in the former litigation, held that the bill of complainant did not give the lower court jurisdiction and should have been dismissed; and for the reasons given in the cases cited in the opinion. it was held that this court was not precluded from doing what the lower court could have done after the demurrer had been filed. The opinion further said: "The view we have taken of the case renders it unnecessary to consider the other questions raised. If there was not jurisdiction to hear and decide the divorce case, there was no power to subject property to the payment of alimony. We think the record discloses that even if cruel and inhuman treatment could be taken as properly charged, the evidence fails to support them, but we prefer to rest the reversal of the case on the single ground that the bill gave the court no jurisdiction. The bill will be dismissed at complainant's cost."

The defendant has appealed to this court from the decree of the lower court and has assigned three errors. The first is the court erred in not sustaining defendant's plea of res adjudicata; two, the court erred in holding that complainant was entitled to a homestead in the property purchased by the defendant Everts at the sheriff's sale and in taking the steps and proceedings were taken in doing this; third, the court erred in refusing to amend the order of reference to the Clerk and Master so as to incorporate therein the following query: "Did the defendant Beard use the money borrowed from the defendant Ed Nash which forms the basis of the judgment under which the property described in the bill was sold for the purpose of improving both houses located on the four lots mentioned?"

In the first bill that was filed there were no facts alleged to sustain the charge of cruel and inhuman treatment,—the bill simply saying that the defendant was guilty of cruel and inhuman treatment which rendered it unsafe and improper for her to further cohabit with him, etc.

In order that a judgment may be effective as res adjudicata it is essential that the parties sought to be precluded thereby should have sued or have been sued in both cases, in the same capacity, or character and to enforce the same right, and it must appear not only that the subject-matter of the two suits is the same, but that the proceedings were for the same subject and purpose, the same point being directly in issue. Bank v. Smith, 110 Tenn., 337, 75 S. W. 1065.

A decree dismissing a bill which has been vacated by appeal, is not such an adjudication of the matters therein pleaded as will defeat a subsequent bill filed for the same purpose. Delk v. Yelton, 103 Tenn., 476, 53 S. W., 729.

It is essential to the successful defense of former adjudication that the former judgment must have been upon the merits; and, therefore, the dismissal of a suit because it incorrectly appeared of record that one of the necessary parties plaintiff was a foreign corporation which had not complied with the requirements of the statute prerequisite for the maintenance of suit by foreign corporations, is not on the merits and is not res adjudicata. Harris v. Water & Light Co., 114 Tenn., 328, 85 S. W., 897.

One of the latest cases on the question of res adjudicata decided by the Supreme Court of Tennessee is that of Douglas v. Douglas, a divorce case, 156 Tenn., 655, 4 S. W. (2d), 358. Said case was decided April 2, 1928, opinion by Mr. Justice Chambliss. In that case the plea of res adjudicata was sustained. It was held that "facts or questions actually and directly in issue in former suit and determined by court having jurisdiction cannot be litigated again in future action between the same parties or their privies."

In 34 C. J., p. 68, it is said: "A fact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a court of competent jurisdiction, is conclusively settled by the judgment thereon, so far as concerns the parties to that action and persons in privity with them, and cannot again be litigated in any future action between such parties or privies, in the same court or in any other court of concurrent jurisdiction, upon either the same or a different cause of action."

The circuit court of Shelby county not having jurisdiction of the former suit for divorce, we are of opinion that the defendant's plea of res adjudicata cannot be sustained and that the Chancellor was not in error in the instant case in overruling said plea of the defendant.

The complainant has sustained her charges of cruel and inhuman treatment against the defendant by a preponderance of the evidence. The first assignment of error is overruled.

Upon the question of homestead, learned counsel for the appellant insists that only widows can select homesteads and this is by reason of the fact they have become the head of a family and that the court had no right to appoint commissioners to set apart homestead.

Complainant in her original bill prayed for an attachment of the property described in the bill and that the judgment made in favor of the defendant Edward Nash against the defendant Whitfield Beard and the sale under said judgment to the defendant Charles T. Everetts be set aside and that they be required to account for the rents collected for the property; and that in the event the sale to Charles T. Everetts should be held valid, the complainant be allowed to redeem the property as the wife of Whitfield Beard, and if she be mistaken in that contention that she have a homestead granted in said property and that she be allowed alimony and counsel fees out of the property. No alimony or counsel fees was allowed.

On the question of homestead there was an order of reference to the Clerk and Master to take proof and report: first, when did the defendant Charles T. Everetts go into possession of the four lots on South Parkway, described in the bill and purchased by him at the sheriff's sale; second, what improvements were on the property at the time Everetts went into possession; third, report the fair rent of each house and land during the time Everetts had been in possession; fourth, report the sum of money, if any, expended by said Everetts for necessary repairs and taxes; fifth, report any other real estate owned by the defendant Beard.

The Clerk and Master reported on this. This report on the order of reference was confirmed and the Chancellor, rendered the following opinion:

"(4) Under the statute (sec. 3804 Shan. Anno. Code) it was the duty of the officer, levying on said land, to set apart homestead in the manner provided. His failure to set apart homestead, however, did not have the effect of cutting off either Whitfield Beard or his wife from thereafter asserting their homestead right. In Hamburg, v. Lane, 107 Tenn., 701, the court held that the failure of the officer levying upon and selling land in which the homestead exists to cause the assignment of the homestead to be made before the sale does not deprive the debtor of the homestead right, nor vest in the purchaser any greater right than the officer could sell, even though no demand for such assignment was made by the debtor. In Delk v. Yelton, 103 Tenn., 480, the court held the execution sale of land of greater value than $1000 and subject to homestead, made without the assignment of homestead to the debtor, to be voidable at his election. While Whitfield Beard is not, in this case, asserting

the right of homestead in said land, his wife is here asserting her right of homestead. It cannot, of course, be true that a creditor of Whitfield Beard could, by levy and sale, deprive Allie E. Beard, the wife, of her homestead right. The homestead is a constitutional exemption and can only be alienated by the joint conveyance of husband and wife. Whitfield Beard could no more dispose of the homestead by suffering the same to be sold under an execution predicated on a judgment against himself, that he could effectually convey it by deed in which his wife did not join. A judgment creditor of the husband cannot defeat the wife's right of homestead by a sale of the land under execution. Sec. 3798, Shan. Anno. Code.

"The rights of the wife in the homestead is fixed during coverture. She has present, subsisting and continuing interest in the homestead. In Jarman v. Jarman, 4 Lea, 675, the court said: 'By our law the homestead vests in the husband and wife jointly and is a life estate. Upon the death of either it vests in the survivor. Neither has the right to dispose of it except with the consent of the other, by will or otherwise, and then only in the mode prescribed by statute. The right of the wife is fixed during coverture and is lost only by her voluntary alienation or abandonment, or by her death.''

And in Williams v. Williams, 7 Bax. (66 Tenn.), 116, the court said:

". . . The wife is recognized as having a present, subsisting and continuing interest in the maintenance and preservation of the benefits of this possession and that she has such a right in the land, connected with the right of possession, that when that right is violated she is entitled to claim the protection of the courts.''

"In my judgment and opinion the defendant, Everetts, acquired no greater right in the land that the officer could legally sell. The question of redemption does not properly enter into the case. Complainant is entitled to recover her homestead, to have it set apart to her, if practicable, and if not practicable, to have the property sold and $1000 set apart to represent the homestead. She is entitled to recover because the homestead was illegally sold,—she is under no duty or obligation to redeem from Everetts.

"(5) It is insisted that Whitfield Beard and wife lost any right of homestead in said land because they ceased to actually occupy the same. It is urged that section 3800 Shannon's Annotated Code, giving each head of a family the right to elect when the homestead shall be set apart, whether living on the same or not, is unconstitutional and void, and that actual occupancy of the land is still the sine qua non of the right of homestead. It is not necessary, in the present case, to determine the constitutionality of the Act of 1899, chapter 171, represented in part by section 3800. It is not necessary

for this reason: Under the law as it existed prior to the passage of said Act of 1879, the removal of husband and wife from premises occupied as homestead did not operate to defeat the wife's right of homestead, no other homestead having been acquired after such removal. In Collins v. Boyett, 87 Tenn., 334, it appears that on March 15, 1873 the husband sold the homestead lands without the wife joining in the deed. One year later they removed from the premises. In 1883, after the land had been transferred by the original purchaser, the wife brought suit to recover her homestead. Her husband and those claiming the land were made parties defendant. It was insisted that the removal of the wife with her husband from off the homestead land was an abandonment of the right and the case of Levison & Co. v. Abrahams, 14 Lea, 336, was relied on. The court said:

"That case does not sustain the contention, but it is unsound not in accord with reported decisions of this court. The wife cannot thus be compelled to elect between husband and homestead.

"So in the case at bar, the fact that complainant went to join her husband, at his invitation, while he was out of the state pursuing his calling of preacher, was not an abandonment of the homestead on her part. She could not be compelled to elect between husband and homestead. Thus, it appearing that complainant's right of homestead is equally good under the former provisions of the law as under the Act of 1879, it is unnecessary to go into the question of the constitutionality of the latter. In passing, however, I should observe that defendants have not raised the question of unconstitutionality of said Act in any pleading. Furthermore, it should be noted that this statute has been recognized as valid and enforced by the courts in many cases. Said Act has been long treated by the court as valid and important rights have been based thereon. Telephone Co. v. Telephone Co., 125 Tenn., 278, is authority for the proposition that a court in the circumstances just mentioned, may refuse to further consider the question of its constitutionality.

"(6) Under section 3810, Shannon's Annotated Code, where the wife obtains a divorce, the title to the homestead shall be vested by the decree of the court in the wife.

"(7) Let three commissioners be appointed to set apart said homestead, as provided by section 3804, Shannon's Code, out of said real estate, and report their action to this court; if said real estate be so situated that it cannot be divided, let the commissioners report."

The commissioners were appointed, viz.; J. E. Ferguson, surveyor, H. H. Higby and David Harsh, who reported that they set apart to complainant her homestead of the value of one thousand dollars, out of the tract of land described in the order appointing

them, setting same forth by metes and bounds and attaching plat thereto, of the property, set apart as a homestead. This report was confirmed by the Chancellor and title to said homestead lot was vested in the complainant.

We will state that there was no question made as to the constitutionality of the homestead law in the assignments of error; there was no question of unconstitutionality of the Act raised in the lower court and we are of opinion that the Chancellor proceeded in the right manner to have a homestead set apart to the complainant. We are of opinion that she is entitled to a homestead in the lands of the defendant husband. The second assignment of error is overruled.

The defendant was in no wise prejudiced by the court's refusing to submit to the Clerk and Master the query. If the husband borrowed money and made improvements upon his real estate this would not defeat his wife's homestead rights in the property improved.

It results that all of the assignments of error are overruled and disallowed and the decree of the lower court is affirmed. The defendant and his surety on appeal bond will pay the cost of the appeal, for which execution will issue. The cost of the lower court will be paid as decreed by the Chancellor.

Heiskell and Senter, JJ.., concur.