RAHT *v.* MEEK.

(*Knoxville.* October 16, 1890.)

1. ADMINISTRATION. *Sale of land to pay debts. Statute of limitations.*

Proceedings to sell decedent's lands to pay debts are not barred, though instituted more than seven years after his death, if brought within that period after the creditor, acting with due diligence, has obtained judgment against the personal representative.

Code construed: §§3119, 3483 (M. & V.); §§2281, 2786 (T. & S.).

Case cited and approved: Henry *v.* Mills, 1 Lea, 144.

(See also 1 Lea, 135; 16 Lea, 349.)

2. SAME. *Same. Void sale. Parties.*

Administration sale of decedent's lands to pay his debts is void, and confers no title upon a purchaser thereat, when made under proceedings against the heir commenced after he had conveyed his interest in the lands descended to a purchaser who was not made a party, and whose deed had been duly registered.

3. SAME. *Same. Effect of heir's conveyance.*

The purchaser of descended lands from the heir acquires a good and indefeasible title against all persons except the ancestor's creditors, and as to them also if the purchase was *bona fide.* In suit by ancestor's creditors against the heir's vendee to subject such lands to debts, the burden is upon the latter to show *bona fides* of his purchase.

Code construed: §§2435, 3094 (M. & V.); §§ 1765, 2256 (T. & S.).

Case cited and approved: Gibson *v.* Jones, 13 Lea, 692.

(See also Smith *v.* Thomas, 14 Lea, 324.)

FROM POLK.

Appeal from Chancery Court of Polk County. W. H. DeWitt, Sp. Ch.

P. B. MAYFIELD & SON for Raht.

L. A. GRATZ for Meek.

LURTON, J. Complainants claim title to an undivided one-twenty-fourth interest in a tract of land in Polk County under a deed made by A. P. Caldwell to their ancestor, Julius Raht. A. P. Caldwell claimed title as an heir at law of John Caldwell, who died intestate, leaving eight children, one of whom was the vendor.

John Caldwell died October 20, 1869, and at the time of his death was the owner of an undivided one-third interest in this Polk County land. October 20, 1876, just seven years after the death of John Caldwell, his son, A. P. Caldwell, sold and conveyed to Julius Raht, for the recited consideration of one thousand dollars, his one-eighth interest as one of his father's heirs in this Polk County land. In March, 1877, being after this alienation by the heir, a bill was filed in the Chancery Court of Polk County against all of the heirs of John Caldwell, including A. P. Caldwell, by creditors of the intestate, who had in 1872 recovered judgments against the administrator, to sell the undivided interest of the intestate to pay debts of the estate. The deed from A. P. Caldwell to Julius Raht had been theretofore duly recorded, but this alienation of the share of one of the heirs of the intestate was ignored, and Julius Raht was not made a party to this creditor's bill. Under

this bill such proceedings were had as resulted, in 1882, in a sale of the entire one-third interest of the intestate, including the one-eighth share of A. P. Caldwell therein. At this sale Defendant Meek became the purchaser. Although this proceeding to reach the land of the heirs to satisfy debts of the ancestor was begun more than seven years after descent cast, yet it was in time, having been begun within seven years after judgment against the administrator. *Mills* v. *Henry,* 1 Lea, 144.

This bill is filed by complainants, who are devisees of Julius Raht, to cancel the decree and deed under which Defendant Meek claims as a cloud upon their title to the one undivided one-eighth interest of A. P. Caldwell.

This alienation by the heir was previous to the beginning of any suit to subject the lands of the intestate to the satisfaction of debts due by the intestate. The lands of an intestate descend to the heir. They are assets only *sub modo,* and cannot be subjected by the creditor in the heir's hands until it is shown that the personalty has been exhausted in the payment of debts. Lands *bona fide* aliened by the heir before the bringing of a suit to subject the land to payment of debts are not liable to the creditor, but the heir in such case is answerable to the creditor for the value of the land aliened. Code, §§ 1763, 1764, 2256.

The purchaser from the heir will, as against the creditor of the intestate, acquire a good and

Raht *v.* Meek.

indefeasible title, provided he is a *bona fide* purchaser, but the burden is upon him, when the creditor seeks to subject such land, to show that his purchase was in good faith. This we regard as settled by the case of *Gibson* v. *Jones*, 13 Lea, 692.

The registered deed of the heir operated to convey the legal title to his vendee. This could only be defeated by the suit of a creditor to which the alienee was a party. Such a vendee had a right to show, if he could, that the personalty had not been exhausted, or that he was a *bona fide* purchaser. Obviously his title cannot be affected by a suit against the heir alone. The proceeding under which defendant claims to have acquired the title of A. P. Caldwell was void so far as it affected the interest previously conveyed to Julius Raht. It is immaterial now to inquire whether this alienation was *bona fide*. This inquiry would only be relevant in a suit by a creditor to subject alienated lands. The defendant is not such a creditor, and his title must stand or fall upon the validity of a title acquired under a proceeding to which the alienee of the heir was not a party. The alienee of the heir is not bound by such a decree, and the title of the purchaser under such a decree is invalid in so far as there had been a previous registered alienation by the heir.

Affirm the decree, with costs.