## CARRIGAN *v.* ROWELL.

### (*Nashville.* February 6, 1896.)

1. ADMINISTRATION. *Seven years does not bar sale of lands to pay debts.*

   A creditor's suit for the sale of a decedent's lands to pay debts is not barred, though instituted thirteen years after the death, if brought within seven years after the final adjudication of the creditor's claim against the estate, in a proceeding commenced in time and prosecuted with due diligence. (*Post, pp. 188–190.*)

   Code construed: §§ 3119, 3483 (M. & V.); §§ 2281, 2786 (T. & S.).

   Cases cited: Henderson *v.* Tipton, 88 Tenn., 258; Henry *v.* Mills, 1 Lea, 144; Raht *v.* Meek, 89 Tenn., 274; Woolridge *v.* Page, 1 Lea, 135.

2. HOMESTEAD. *Abandonment of.*

   The homestead right is abandoned by a widow, for herself and for her minor children during her lifetime, where she removes with them from this State and acquires a domicile, and remains with them, in another State. (*Post, pp. 190-192.*)

   Cases cited and approved: Emmett *v.* Emmett, 14 Lea, 370; Hawkins *v.* Pearce, 11 Hum., 45; Lisenbee *v.* Holt, 1 Sneed, 50; Hicks *v.* Pepper, 1 Bax., 46.

   Case cited and distinguished: Farrow *v.* Farrow, 13 Lea, 120.

3. SAME. *The fee subject to debts.*

   The remainder interest in lands assigned as homestead is subject to sale for payment of debts, even as against the widow and children of a decedent. (*Post, p. 192.*)

   Code construed: § 2943 (M. & V.).

   Cases cited and approved: Howell *v.* Jones, 91 Tenn., 403; Lunsford *v.* Jarrett, 2 Lea, 579; Flatt *v.* Stadler, 16 Lea, 371.

---

### FROM LINCOLN.

---

Appeal from County Court of Lincoln County. M. W. WOODARD, J.

W. B. Lamb, Jo. C. Higgins, and Jo. G. Car-
rigan for Carrigan.

Holman & Carter for Rowell.

McAlister, J.  This is a creditor's bill, filed
in the County Court of Lincoln County against the
widow and children, as well as the personal representa-
tive, of John Maddox, deceased, for the purpose of
subjecting to the satisfaction of complainant's debts
a certain tract of land, specifically described in the
bill.  There was a demurrer interposed in behalf of
defendants, which was sustained by the Court, and
the bill dismissed.  Complainants appealed, and have
assigned errors.

The allegations of the bill necessary to be no-
ticed are, that the intestate, John Maddox, departed
this life in Lincoln County, Tennessee, about the
year 1881, seized of the tract of land mentioned
in the bill; that, during his lifetime, this land was
allotted him as a homestead, and upon his death,
his widow, Eliza Maddox, and his minor children,
continued to occupy it as a homestead until the
year 1892, when the said Eliza Maddox abandoned
said homestead, and with her minor children re-
moved to the State of Texas.  It is charged in
the bill that said Eliza Maddox, widow of said John
Maddox, deceased, is now a citizen of Texas, and
that her minor children are domiciled with her in
said State.

It is further alleged in the bill that the de-

fendant, J. T. Rowell, was appointed and qualified as administrator of the estate of John Maddox, deceased; that said administrator suggested the insolvency of said estate to the County Court of Lincoln County, and such proceedings were had that, on February 15, 1881, an order was made by said Court for creditors to file their claims; that, in pursuance of such notice, many claims were filed against said estate, including the claim of complainant, amounting to $485, less a credit of $50. It is further alleged that a long contest then ensued with the administrator in respect of the validity of a large number of claims, including that of complainant. Finally, on March 20, 1890, complainant's claim and many others were allowed by decree of the County Court, and ordered to be paid. It is then alleged that the administrator has made a *pro rata* payment of about fifty per cent. on said adjudicated claims, leaving about fifty per cent. unpaid; that in making said *pro rata* distribution, the administrator has exhausted all the personalty of said estate. Complainant charges that the widow and minor children, having removed to Texas, are no longer entitled to said homestead exemption, and prays that the same be sold for the payment of balance due on the debts of said estate.

There was a demurrer filed by the guardian *ad litem* on behalf of the minor defendants, in which three assignments are made, to wit: (1) That the bill shows upon its face that more than seven years

have elapsed since the death of the intestate, John Maddox, previous to the filing of the bill; (2) that there can be no forfeiture or abandonment of the homestead as to the minor children; (3) that the homestead sought to be sold was set apart to the intestate, John Maddox, in his lifetime; that, upon his death, the same passed to the widow for life, and that, upon her death, the same will descend to said minor children of John Maddox, free from his debts. The county Judge was of opinion that the first and third causes of demurrer were not well made, and overruled the same. But the Court adjudged the second ground sufficient, and dismissed the bill. Complainants appealed, and counsel have argued all the assignments of demurrer, which we will proceed to consider.

The first ground of demurrer is based upon § 3483 (M. & V.) Code, which provides, viz.: "But all actions against the personal representatives of a decedent for demands against such decedent shall be brought within seven years after his death, notwithstanding any disability existing, otherwise they will be barred forever." The present bill was not filed until November, 1894, while the death of John Maddox, as therein alleged, occurred prior to 1881. As stated by this Court in *Henderson* v. *Tipton*, 88 Tenn., 258, this statute embodied in §§ 3119, 3483 (M. & V.) Code, is one of positive prescription, and not only bars the remedy, but extinguishes the right; that it runs against everybody, including the

State, and need not be pleaded, but may be relied on in evidence. It was held, however, in *Woolridge* v. *Page*, 1 Lea, 135, that "where a creditor commences suit against the personal representatives within two years and six months from his qualification, and prosecutes it diligently to judgment, the statute of limitations of seven years is not a bar to a bill filed more than seven years after the death of the debtor, alleging exhaustion of personalty and seeking a sale of the realty in satisfaction of the judgment." In the case of *Henry* v. *Mills*, 1 Lea, 144, it was held that "the recovery of a judgment against the personal representative, by suit commenced in time, will save the bar of the statute of seven years as to the realty as well as the personalty, provided the proceedings to subject the realty are instituted within seven years from the recovery of such judgment, but not afterwards." So in the case of *Raht* v. *Meek*, 89 Tenn., 274, it was held that "proceedings to sell decedent's lands to pay debts are not barred, though instituted more than seven years after his death, if brought within that period, after the creditor, acting with due diligence, has obtained judgment against the personal representative." Applying the principles settled in these cases to the facts, we find that, in February, 1881, the administrator suggested to the County Court the insolvency of the estate of John Maddox; that an order was made for all creditors to file their claims for adjudication. They were contested by the administrator, and were

not finally allowed and ordered paid until the year 1891. This bill, to subject the realty, was filed in 1894, and, under the rulings of this Court in the cases just cited, the statute of seven years cannot be invoked to bar the remedy.

The second ground of demurrer is that there can be no forfeiture or abandonment of the homestead right as to the minor children of said intestate. Counsel, in support of this ground of demurrer, cite the case of *Farrow* v. *Farrow*, 13 Lea, 120. In that case it appeared that the intestate had lived for many years with his wife and children on the land on which homestead was claimed. His wife died, but he continued to live on the land with their children until his death. Between ten and twenty days after his death, J. J. Farrow, who had become the guardian of the minor children, removed them to the State of Mississippi, where he resided, and where he and they have since lived. The guardian rented out the land in Tennessee on which the homestead is claimed, for the benefit of his wards. A bill was filed in Tennessee by the administrator of the estate of the father for the administration of the estate as insolvent, and the sale of this realty to pay debts. The only question presented for adjudication was whether the children, having removed with their guardian to the State of Mississippi, were entitled to homestead in this land in Tennessee. It was held by a divided Court that infant children, occupying the homestead

with their surviving parent at her or his death, are entitled to the homestead exemption during their minority, and cannot be deprived thereof, either by their own act or that of a third person. After the right has accrued, the infant cannot waive it, nor, in view of his disability, deprive himself of it by any act of his own. And, *a fortiori*, he cannot be prejudiced in his right by the act of a third person.

The case now being decided does not fall within the principle announced in *Farrow* v. *Farrow*. In that case the father and mother had both died, and the infant's right to the homestead exemption had attached. In this case the homestead right of the children had not attached, and was subsidiary to that of their mother, who is still living.

As stated by Judge Cooper in the 13 Lea case, viz.: "The Legislature, recognizing the right of the parents of children to change their residence and domicile, provided that the homestead exemption should only inure to the benefit of the minor children occupying the same with their surviving parent at his or her decease." Of course, since the Act of 1879, occupancy is not essential to the right of a homestead, but, during the life of a parent, the infant's right of homestead is contingent upon the parent's right. The right of a parent to homestead is dependent upon citizenship or residence in this State, and is lost when a domicile is acquired in a foreign or sister State. Nonresidents are not entitled to the

benefit of our homestead and exemption laws. *Emmett* v. *Emmett*, 14 Lea, 370; 11 Hum., 45; 1 Sneed, 50. When, therefore, Mrs. Eliza Maddox changed her domicile to the State of Texas, her right to a homestead in this State was thereby extinguished, and, the parent having no right to homestead, no such right can be asserted in behalf of the minor children. *Hicks, Adm'r*, v. *Pepper*, 1 Bax., 46.

The third ground of demurrer is that this homestead, having been set apart to John Maddox in his lifetime, upon his death it passed to his wife during her natural life, for her own use and benefit, and that of her family who reside with her, and, upon her death, the same will pass to said minor children of the said John Maddox free from his debts. This demurrer is based upon § 2943 (M. & V.) Code, and the claim is that the children will take the fee in this land discharged of the debts of their father. This contention is wholly erroneous. It has been repeatedly held by this Court that the homestead is a mere right of occupancy, and the remainder or reversion therein may be sold, subject to the homestead. 7 Pick., 403; 2 Lea, 579; 16 Lea, 371.

The judgment of the County Judge sustaining the demurrer is reversed, and the cause will be remanded for further proceedings.