FARRIS v. SIPES.

(*Jackson.* September 30, 1897.)

1. HOMESTEAD. *Widow and minor children not entitled, when.*

The widow and minor children of one who resided out of the State for five years before and at time of his death, have no right of homestead in land for which the decedent gave a bond for title shortly before his removal from the State, taking a note for the purchase money, which was subsequently assigned by him to one who, before the return to the State of the widow and children, purchased the land under a decree of foreclosure to enforce the purchase money obligation. (*Post, pp. 299–302.*)

Case cited and distinguished: Collins v. Boyett, 87 Tenn., 336.

2. SAME. *For citizens only.*

The constitutional provision and statutes exempting homestead inure to benefit of citizens, and nonresidents are excluded from their operation. (*Post, pp. 300, 301.*)

Cases cited and approved: Emmett v. Emmett, 14 Lea, 369; Prater v. Prater, 87 Tenn., 78; Carigan v. Rowell, 96 Tenn., 190; Graham v. Stull, 92 Tenn., 680; Hicks v. Pepper, 1 Bax., 46.

3. DOMICILE. *Of wife.*

The husband's domicile controls the wife's domicile. His change or abandonment of domicile operates as a change or abandonment of her domicile also. (*Post, p. 300.*)

Case cited and approved: Williams v. Saunders, 5 Cold., 60.

4. SAME. *Of minor child.*

The parent's domicile is the domicile of his minor child, and the latter's right of homestead depends upon the existence of such right in the parent. (*Post, p. 300.*)

FROM M'NAIRY.

Appeal from Chancery Court of McNairy County. A. G. HAWKINS, Ch.

Farris v. Sipes.

McDougal & Houston for Farris.

Wood & Barnhill for Sipes.

Beard, J. The bill in this cause alleges the following facts, to wit: That complainant, Martha Ann, is the widow of W. L. Farris, and that she and her husband resided in McNairy County, Tennessee, from 1884, the year of their marriage, until the fall of 1891, when, in the words of the bill, "they went to the city of St. Louis, in the State of Missouri, and, after remaining there a few weeks, they removed to the State of Texas, and lived there until August, 1895, when her husband died; and a few weeks thereafter complainant came back to Tennessee," bringing her minor children, and residing in this State ever since. It is further alleged that a short time before their departure for St. Louis, her husband, having sold the tract of land described in the bill, executed a title bond, by which he undertook to convey it to the purchaser, one of the defendants to this bill, whenever the note for the purchase money was paid; that this note afterwards, by her husband, was assigned to another of these defendants, who, subsequently and during the residence of herself and husband in Texas, became the purchaser of this property, at a sale made under a decree of foreclosure pronounced in a suit regularly instituted by him in the Chancery Court of McNairy County against her husband, and the maker of this note and the holder of this title bond, to enforce

the lien for this purchase money obligation, and that this purchaser was then in possession, asserting title thereto as absolute owner.

The bill also alleged that this property was the only real estate owned by her husband, at the time he executed the title bond; that it was of less value than $1,000; that the complainant was at no time a party to any deed or instrument conveying or seeking to convey it; and that the attempted alienation by her husband in 1891 was inoperative to deprive her of her homestead. Complainant therefore asked that a homestead be set apart to her and her infant children out of this property.

The defendant purchaser demurred to the bill upon the ground, among others, that the complainant and her children had lost whatever right of homestead they may have had by becoming nonresidents of Tennessee, and continuing such at the time of the institution of the chancery proceedings set out in the bill, and also when demurrant acquired his title. This demurrer was well taken, and the bill of complainant should have been dismissed. The constitutional clause which provides for, and the statutes which have been enacted for the purpose of protecting, the right of homestead, belong to the class of laws known as exemption laws, and these have been uniformly held only to apply to and to be for the benefit of our own citizens.'' *Emmett* v. *Emmett*, 14 Lea, 369; *Prater* v. *Prater*, 3 Pick., 78; *Carigan* v. *Rowell*, 12 Pick., 190; *Graham* v. *Stull*,

8 Pick., 680. And, upon the admission of the bill, it is clear that the complainant in this case became a nonresident of Tennessee, and a resident of another State, and was so at the time the title accrued to the demurring defendant. She accompanied her husband and lived with him in Texas for a term of five years, and up to the day of his death. The law is that "a woman, of whatever age, acquires, at marriage, the domicile of her husband, and her domicile continues to be the same as his, and changes with his throughout their married life." 5 Am. & Eng. Enc. L., 868; *Williams* v. *Saunders*, 5 Cold., 60. And it is equally well settled that the domicile of the minor children of complainant, Martha Ann and her husband, was fixed by the removal of the father, and that they were residents of Texas when the title of defendant accrued. *Woodward* v. *Woodward*, 3 Pick., 644. As "during the life of a parent, the infant's right of homestead is contingent upon the parents' right," and subsidiary to it, and as in this case the parent has no right to homestead, "no such right can be asserted in behalf of the minor children." *Carigan* v. *Rowell*, *supra; Hicks* v. *Pepper*, 1 Bax., 46.

But it is insisted that this bill is maintainable on the authority of *Collins* v. *Boyett*, 3 Pick., 336. The opinion in that case does not so state, yet it is a fact that, at the time of the sale of the realty involved in that suit, the vendors, Collins and his wife, were residents of this State, and continued to

Farris *v.* Sipes.

be and were so at the time of the filing of the bill by the wife seeking homestead in the property conveyed by the husband's deed alone. They were never outside of the benefit or protection of the homestead and exemption laws of this State. In short, they were, at the date of the husband's deed, and continued to be, citizens of this State, and this is the controlling fact which distinguishes that case from the present.

The Chancellor was in error in overruling the demurrer of the defendant, and his decree is reversed, and complainant's bill is dismissed.