COWAN, McCLUNG & Co. v. CARSON.

(*Knoxville.*    November  21,  1898.)

HOMESTEAD.  *Alienation.*

   Conveyance and transfer of possession to the vendee of assigned
      homestead by a widow, does not, since Act of 1879, operate to
      forfeit her right to homestead, but passes the same intact to
      her·vendee.

   Act construed: Acts 1879, Ch. —.

   Cases cited and distinguished: Nichol *v.* Davidson County, 8 Lea,
      389; Carrigan *v.* Rowell, 96 Tenn., 185.

FROM  HAMBLEN.

Appeal   from   the   Chancery   Court   of   Hamblen
County.   HUGH  G.  KYLE,  Ch.

SHIELDS  &  MOUNTCASTLE  for  Cowan,  McClung
&  Co.

GEORGE  P.  YOE  for  Carson.

BEARD,  J.   This bill was filed by complainants to
stay  waste  and  to  have  their  right  declared  in  a
tract  of  land  which  they  had  purchased,  subject
alone  to  a  homestead  interest.   The  question  pre-
sented  by  the  record  is,  does  a  sale  and  conveyance,
for  a  valuable  consideration,  by  the  widow  to  whom

homestead had been set apart, followed by possession on the part of the alienee, forfeit or terminate the homestead right, or does it continue in the alienee?

"The general rule is that statutes creating homestead exemptions do not operate to restrain in any particular the voluntary alienation or mortgage of the homestead, unless it is so expressed." Thompson on Homesteads, Sec., 453. There is no statute in this State inhibiting the sale of a homestead, as is conceded, but it is insisted that the logic of our holdings is that alienation results in forfeiture. The case of *Nichol* v. *Davidson Co.*, 8 Lea, is relied on as recognizing this rule of forfeiture. That case, however, arose under the Act of 1868, which made occupancy essential to the continuance of a homestead. In addition, the conveyance in that case was from the husband to the wife, and it was held that the conveyance—the making of the deed by the grantor, who was the head of the family, to the wife, who was not—destroyed the homestead right. In other words, that case ruled that, under the Act of 1868, there were two things which must concur to support a homestead—that is, headship of a family and occupancy. In fact it was conceded at the bar that, under that Act, an effectual conveyance of the homestead would defeat the right, but that result was sought to be avoided on the ground that the deed in question was finally set aside, so far as the husband's creditors were concerned, upon the ground of fraud. This conclusion,

Cowan, McClung & Co. *v.* Carson.

however, left the deed operative as between husband and wife, save so far as his creditors were concerned.

It is also insisted that *Corrigan* v. *Rowell*, 12 Pickle, 185, and *Furris* v. *Sipes*, 41 S. W. Rep., 443, furnish a principle, by analogy, for the contention of complainants in this case. We do not think so. The question in these causes was, whether a party entitled to homestead under our law, who abandons a residence in this State and becomes a citizen of a foreign territory, can set up this claim, and it was held that he could not, as it was a right which our laws provided alone for citizens of this State.

But it is said the direct question here presented was determined in *Tynes* v. *Stryer*, MS. Op. of this Court, Nashville, 1897. This is also an error. In that case a widow, with minor children, had homestead allotted to her out of the land of her deceased husband. Subsequently she married, and she and her second husband, for a consideration, conveyed the property, incumbered by the homestead right, to one Stryer, who went into possession. After that the minor children, by next friend, filed a bill against the grantee to recover their proportionate share of the rents of the property, resting this claim upon the theory that the homestead exemption inured to them, as well as to their mother, and that her conveyance could not defeat this right. In disposing of this contention, this Court called atten-

tion to the fact of the discrepancy between the Constitution of 1870, as to the homestead right, and the Act of the Legislature, afterward passed, to effectuate this right. By the Constitution, upon the death of the husband, the homestead inured to the widow, while by the terms of the Act in question it inured to "the widow and the minor children of the deceased." We held that the constitutional provision controlled, and that the deed of the widow could not be impeached by the minor children, and their bill was dismissed.

It will thus be seen that the insistence of complainants has not been ruled on by this Court.

As an open question, we think there is no doubt that the widow to whom homestead is assigned may alien her right in the property without working a forfeiture. The alienee will take as she does, and hold exactly as she did. Since the Act of 1879, this right does not depend on occupancy, and, this being so, it has not been doubted that the widow owning this right might, if her convenience or interest suggested, lease her homestead, and use rents instead of the property itself. A lease is a disposition of the property for a term, and, if such disposition is valid, then we think there can be no doubt that an alienation, as in the present case, will not work a forfeiture.

Decree of Court of Chancery Appeals, adjudging otherwise, is reversed.