COILE *et al.* v. HUDGINS.

(*Knoxville.*  September Term, 1902.)

**1.  COURT OF CHANCERY APPEALS—Findings of, conclusive.**

Under a bill filed by daughters to set aside for fraud, a deed to their mother, the findings by the court of chancery appeals that a sale for $175.00 of interests in realty worth at least $2,000, by the daughters, was superinduced by misrepresentations of the value of the land and by taking advantage of their youth and inexperience and by her maternal influence over them are conclusive upon the right of the defrauded daughters to set aside the deeds. (*Post, pp.* 218-219.)

**2.  HOMESTEAD—Forfeiture by nonresident.**

Our exemption laws are intended for benefit of citizens and residents of the State, and nonresidents are not entitled thereto; therefore, if a widow, to whom has been assigned homestead, removes from the State and takes up her domicile in another State, she thereby forfeits and abandons said homestead. (*Post pp.* 219-224.)

Cases cited:  Hicks *v.* Pepper, 1 Bax., 42-46; Hawkins *v.* Pearce, 11 Humph., 44; Emmett *v.* Emmett, 14 Lea, 369; Graham *v.* Stull, 92 Tenn., 673; Carrigan *v.* Rowell, 96 Tenn., 185; Farris *v.* Sipes, 99 Tenn., 298; Briscoe *v.* Vaughn, 103 Tenn., 308.

**3.  SAME.  Same.  Intention to retain will not prevent forfeiture.**

And such abandonment or forfeiture is worked notwithstanding her intention to retain the homestead and the benefits thereof. (*Post, p.* 223.)

**4.  SAME.  After assignment—an estate the subject of sale-doctrine reaffirmed.**

After the homestead has been assigned, it becomes an estate

Coile v. Hudgins.

for life and can be rented, leased or sold while the homesteader is a resident of this State, and the vendee, if a resident of Tennessee, will be entitled to hold it. (*Post, pp.* 221-222.)

Case cited and approved: Briscoe *v.* Vaughn, 103 Tenn., 308.

FROM KNOX.

Appeal from the Chancery Court of Knox County. JOSEPH W. SNEED, Chancellor.

INGERSOLL & PEYTON, for Coile *et als.,* appellees.

GREEN & SHIELDS, for Hudgins, appellant.

MR. JUSTICE WILKES delivered the opinion of the Court.

Mrs. Coile and Mrs. Williams when about eighteen years of age resided in Missouri, and by the laws of that State had reached their majority, and were competent to make a deed to lands situate in that State.

They owned interests in real estate in Tennessee, and made deeds to their respective interests to their mother, Mrs. H. C. Hudgins, for a consideration to each of $175.

The court of chancery appeals finds that this was a wholly inadequate consideration, and that, the interest of each was worth at least $2,000. That court also finds and reports that the mother procured these deeds from the daughters by misrepresentation as to

the value of the land, and by taking advantage of their youth and inexperience, and by her maternal influence. That court finds that the deeds should be set aside, according to the prayer of the bill, for two reasons: "(1) For fraud and undue influence and inadequate consideration; and (2) because the daughters, being only eighteen years of age, though competent to convey land in Missouri, were not competent to convey land in Tennessee."

It is not necessary to consider and determine the latter question, as the former must be held conclusive, under the finding of facts by the court of chancery appeals upon the right to set aside the deeds at the instance of the defrauded daughters.

A question of homestead is also involved in the case. Mrs. Hudgins in 1890 had homestead assigned and set apart to her by metes and bounds out of her deceased husband's land in Tennessee. Soon thereafter she went with her children (the two ladies already referred to) and a younger daughter to Missouri, where she remained until February, 1898, when she returned to Knoxville, bringing her youngest daughter with her.

The court of chancery appeals report that when Mrs. Hudgins left the State of Tennessee, and took up her residence in the State of Missouri, she did it with the intention of making that her permanent home; that she remained there until 1898, when she returned to Knoxville, and resided there two years,

and then went to Asheville, N. C., where she now resides; that the testimony fails to show that she abandoned her domicile in Missouri, or that she has acquired a new domicile either in Tennessee or North Carolina. The property out of which homestead was assigned her is not residence property, but a storehouse in Knoxville, and a half interest in another storehouse adjoining. This property, though assigned as a homestead, was never occupied as a residence by Mrs. Hudgins, but she has all the while received the rents of the same, no matter where residing at the time.

The court of chancery appeals finds that the acquisition by Mrs. Hudgins of a domicile in the State of Missouri resulted in the abandonment by her of the homestead right in this State, citing *Hicks* v. *Pepper,* 1 Baxt. 42, 46; *Hawkins* v. *Pearce,* 11 Humph. 44; *Emmett* v. *Emmett,* 14 Lea, 369; *Graham* v. *Stull,* 92 Tenn., 673, 680 (22 S. W., 738, 21 L. R. A., 241); *Carrigan* v. *Rowell,* 96 Tenn., 185 (34 S. W.); *Farris* v. *Sipes,* 99 Tenn., 298 (41 S. W., 443); Briscoe v. *Vaughn,* 103 Tenn., 308 (52 S. W., 1068).

It has been held in these and in other cases that our exemption laws are intended for the benefit of citizens and residents of the State, and nonresidents are not entitled to such exemptions. It has likewise been held that a person leaving the State and acquiring a domicile in another State thereby abandons his right to homestead which had been assigned to him

in lands in this State before his removal therefrom. *Farris* v. *Sipes,* 99 Tenn., 298 (41 S. W., 443) and other cases.

In *Briscoe* v. *Vaughn,* 103 Tenn., 308 (52 S. W., 1068,) it is held that the homestead stands upon a different plane or basis after its assignment than before.

Before its assignment it is a mere right which hovers over the whole land, and does not rise to the dignity of an estate.   After assignment it becomes a life estate, and can be rented, leased, or sold, and the party to whom it is thus leased, rented, or sold will have the same estate as the homesteader had previously.   In that case Vaughn and wife had homestead assigned them, or what was equivalent thereto.   They then sold their homestead estate to Berry.   He sold and conveyed the same to Trent. Vaughn afterward removed to Texas, and became domiciled there, and it was insisted that this removal of Vaughn to Texas, and becoming domiciled there, put an end to the homestead estate in his sub-assignee, Trent, who remained a citizen of Tennessee.

The court held that Vaughn and wife, while the owners of the homestead estate, could abandon it by leaving it and refusing to take any benefit from it, whether living in the State or removing from it.

And this they might do whether it had been set aside by metes and bounds or not.   But this, it was said in that case, proceeded upon the idea of an abandonment and surrendering all rights in the land, and

benefit arising out of it.    But no such purpose of abandonment is predicated of a sale or alienation of it, for in such a case the purpose is not to abandon it, but to obtain the benefit of it, not by occupancy, but by sale, and enjoyment of the proceeds, or their investment elsewhere.

Although Vaughn had removed from the State, and become permanently a resident of Texas, he had previously sold his homestead; and it was held that the homestead estate continued in his assignee, Trent, who was a resident, and was not extinguished by Vaughn's removal, but only by his death. Now, abandonment is a question of law and fact, and largely dependent on the intent of the parties; and it was held that a sale of the homestead was no more an abandonment than was a sale and conveyance of a fee simple estate an abandonment of such lands, or the benefits to be derived therefrom.

In the present case the court of chancery appeals holds that the acquiring of a domicile in Missouri was an abandonment of the homestead in Tennessee, although it had been assigned by metes and bounds, and had become an estate, and not merely a right, and although Mrs. Hudgins continuously retained possession of it by her tenants, and received the rents and profits from it, all the while, whether residing in Missouri, Tennessee, or North Carolina.   There was clearly no intention to abandon the benefits of the property.   The court of chancery appeals finds that

there is no evidence to show that Mrs. Hudgins abandoned her domicile in Missouri, although it appears that she returned to Tennessee and resided for two years, and then went to North Carolina, where she has since resided for about two years.

The question which arises in this case is this: When the homesteader, after her homestead is assigned by metes and bounds, becomes domiciled in another State, but continues to receive the rents and profits of the homestead, and by her tenants to occupy it, is the homestead estate forfeited and defeated by the homesteader's becoming domiciled in the foreign State, notwithstanding her intention to retain the homestead, and the benefit of the same?

In the case of *Carrigan* v. *Rowell*, 96 Tenn., 185 (34 S. W., 4), the homestead was declared forfeited by the acquisition of the foreign domicile, but in that case there was no claiming of the benefits or receipts of the rents after the removal from the State, so far as the case shows.

The court is of the opinion that the homesteader may sell, rent, or lease his homestead while a resident of Tennessee, and the vendee will be entitled to hold if he be a resident of Tennessee. Nevertheless, if the owner of the homestead, while such owner, removes from the State and acquires a domicile in another State, he will forfeit such homestead estate. Whether he may regain such homestead by again becoming redomiciled in the State before the remainder-

man asserts his right to it under the forfeiture does not arise under the facts as reported by the court of chancery appeals, as that court does not report that Mrs. Hudgins became redomiciled in Tennessee after her removal to Missouri. Although the homestead, after assignment, is an estate for the life of the homesteader, it may be forfeited if the person owning the same shall leave the State while so owning such an estate, and becoming domiciled in another State. While it is a life estate it is such life estate under the homestead exemption law, and subject to its incidents, one of which is that it can only be held by a resident, and is forfeited by the owner for the time being becoming a nonresident.

The decree of the court of chancery appeals is affirmed.