## Bowman *et al. v.* Bowman *et al.*

### (*Nashville*, December Term, 1934.)

Opinion filed Jan. 12, 1935.

282

A. F. Officer, of Livingston, for appellants.

E. C. Knight, of Livingston, for appellees.

Mr. Justice Chambliss delivered the opinion of the Court.

Complainants were creditors of Dillard Bowman, deceased. After his death they reduced their claims to judgments against his estate before a magistrate, and filed this bill seeking to enjoin the widow from committing waste in cutting trees on land allotted to her as a homestead. Without passing on the merits of the charge denied by the answer that the waste was being committed, the chancellor dissolved an injunction preliminarily granted and dismissed the bill on the ground that complainants showed no title or present interest in the land, and therefore were without standing to enjoin said waste. In this view we must concur.

The bill charges that the estate is insolvent, and that there is no personal property subject to debts, and that, if the trees were cut and removed, the remainder interest in the land will be of little value and complainants will lose their debts.

However, it is elementary that complainants must show that they have a present interest in the subject-matter of the litigation, in this case the land, as to which the injunction is sought. Gibson's Suits, section 143. What present interest have complainants? The defendant widow, by virtue of her homestead rights, owns a life estate in this land, the fee descending to the heirs at law, incumbered with the debts of the deceased owner.

*Carrigan* v. *Rowell*, 96 Tenn., 185, 34 S. W., 4; *Flatt* v. *Mack Stadler & Co.*, 16 Lea, 371.

█ Conceding that this remainder, or reversionary, interest may be subjected to sale, subject to the homestead, at the suit of unsatisfied creditors of the estate, bringing proper parties before the court, and that following such sale a purchaser thereunder might maintain a bill to restrain waste by the life tenant, we have no such case before us. Complainants have neither title to, nor a lien on, this land, legal or equitable. Until they have acquired some interest in this land, they cannot maintain a bill to restrain waste. Complainants here are merely holders of claims reduced to judgment in a magistrate court, with no specific right or claim in or to this particular land. A mere inchoate right to acquire by proper steps a title to or other ownership interest in the land is not sufficient.

The decree is affirmed.