Hale *et al. v.* Sandusky *et al.*

*(Nashville,* December Term, 1943.)

Opinion filed March 4, 1944.

Ross & Ross, of Savannah, and Chas. H. Prater, of Little Rock, Ark., for complainants.

R. R. Haggard, of Waynesboro, for defendants.

Mr. Chief Justice Green delivered the opinion of the Court.

We have brought this case up from the Court of Appeals to consider a single question—whether a homestead right exists in certain land in Wayne County. The chancellor and the Court of Appeals answered this question in the affirmative.

The complainant Elpha Hale was formerly the wife of J. N. Pigg, who died intestate June 25, 1930, leaving her and five children surviving. At the time of Pigg's death he owned this land, consisting of about 98 acres. The value of the land was less than $1,000, and a home-

stead in the whole of it accordingly passed to his widow by operation of law without any formal assignment. *Carver* v. *Maxwell,* 110 Tenn., 75, 71 S. W., 752.

Some two years after Pigg's death his widow married B. W. Hale, à resident of Alabama, and she then removed with her husband to that State where she resided until March, 1939,—clearly establishing her domicile in Alabama.

Before her second marriage and thereafter, Mrs. Pigg, later Mrs. Hale, rented the land in Tennessee from year to year. It appears that she would come back to Tennessee at intervals to see about the collection of her rent but her domicile remained in Alabama from the time of her marriage to Hale at least until 1939. The Pigg children conveyed their interests in this land and the contest here is between those claiming under the deeds of these children and Mrs. Hale as to her right to homestead in the property. She contends that she has not abandoned her homestead and the other parties insist that by her removal to Alabama and establishing her domicile there she forfeited the homestead, regardless of her intention.

We think that previous decisions of this Court require us to deny the claim of Mrs. Hale to the asserted homestead. It is true that after assignment of homestead, either formally or by operation of law, as in this case, it becomes a vested life estate and may be sold or leased while its owner is a resident of the State. The vendee or lessee will acquire such title as the owner of the homestead at the time of the deed or lease was able to transmit and subsequent acts of the owner will not affect the title of the vendee or the lessee. This is established by *Beeler* v. *Nance,* 126 Tenn., 589, 150 S. W., 797; *Coile* v. *Hudgins,* 109 Tenn., 217, 70 S. W., 56; *Briscoe*

v. *Vaughn*, 103 Tenn., 308, 52 S. W., 1068; *Cowan, Mc-
Clung & Co.* v. *Carson*, 101 Tenn. 523, 50 S. W., 742.

If before Mrs. Hale removed to Alabama she had
sold this homestead, leased it for a term extending beyond
the time of suit, or for the term of her life, her vendee or
lessee could have maintained the title acquired, regardless
of her removal and acquisition of domicile in another
State. In the case before us the homesteader leased the
land from year to year. Such leases as were made while
she was a resident of Tennessee were good. Leases made,
however, after she became a resident of Alabama were not
good, for as said by the court in *Coile* v. *Hudgins, supra*
[109 Tenn., 217, 70 S. W., 57], "the homesteader may
sell, rent, or lease his homestead while a resident of
Tennessee, and the vendee will be entitled to hold if he
be a resident of Tennessee. Nevertheless, if the owner
of the homestead, while such owner, removes from the
state and acquires a domicile in another state, he will
forfeit such homestead estate." That the acquisition of
a domicile in another State effects an abandonment of a
homestead in this State was well settled by earlier de-
cisions of this Court. *Briscoe* v. *Vaughn, supra*; *Farris*
v. *Sipes*, 99 Tenn., 298, 41 S. W., 443; *Carrigan* v. *Rowell*,
96 Tenn., 185, 34 S. W., 4.

The chancellor and the Court of Appeals based their
conclusions on the authority of *Peterson* v. *Goudge*, 6
Tenn. Civ. App. (Higgins), 288. We think it possible
that the lower courts misapprehended the facts of that
case. It appeared there that a widow, the owner of a
homestead, remarried and moved to Virginia. From the
time of allotment of a homestead she rented the same
and continued to rent the same after her removal from
the State. Speaking of this rental of the property the

Court said that it was "at first at the rate of ten dollars per month, and later at the time of the bringing and pendency of the suit at seven dollars per month." It does not clearly appear whether this lease or rental was for a term of years or for the widow's life and there was a subsequent reduction of the monthly payments, or whether the lease or rental was from month to month.

We assume the former to have been the case, otherwise the learned Court pressed the authority of *Beeler* v. *Nance, supra,* too far. In *Beeler* v. *Nance* the lease was for the term of the homesteader's life and was made while the homesteader was a resident of Tennessee and it was held that the lessee's title for the term was good although the homesteader afterwards left the State. If Mrs. Peterson, later Mrs. Goudge, while a resident of Tennessee, made a lease covering the period in which the case of *Peterson* v. *Goudge* arose, then that case is fully supported by *Beeler* v. *Nance, supra.* If, however, the lease or leases were made after she moved, *Peterson* v. *Goudge* is not supported by *Beeler* v. *Nance.* An estate must exist to be conveyed.

There is some suggestion in the record that Mrs. Hale has now acquired a Tennessee domicile. This, however, is not material. Those claiming under the remaindermen had already asserted a forfeiture and their rights to the property.

For the reasons stated, we are of opinion that the decree of the Court of Appeals in this case as to homestead is erroneous. Modified as indicated, the decree of the Court of Appeals is affirmed.