RUTHERFORD v. PARKER.—195 S. W. (2d) 328.

Middle Section. February 23, 1946.

Petition for Certiorari denied by Supreme Court, May 4, 1946.

180

C. H. Rutherford, of Nashville, for appellant.

Richard M. Atkinson and W. Cornelius Breedlove, both of Nashville, for appellee.

HICKERSON, J.   Charles H. Rutherford, Jr., administrator of the estate of Ernest Parker, a judgment creditor of Leila Parker, filed this bill to subject a fund in the chancery court belonging to Leila Parker to the satisfaction of his judgment.   He alleged that the judgment was unpaid; defendant had no funds from which it could be satisfied except the fund in court sought to be subjected; defendant was a nonresident; and prayed for an attachment of the fund, publication, and application of fund to his judgment.

Such suit is authorized in this state.   Code Section 10352; Scott County National Bank v. Robinson, 143

Tenn. 356, 226 S. W. 218; Hull v. Vaughn, 171 Tenn. 642, 107 S. W. (2d) 219.

Defendant entered her appearance and filed the following plea of res adjudicata:

"Comes the defendant, Leila Parker, for plea in this cause and says:

"That heretofore on the 7th day of May, 1945 in the cause of Ernest Parker, Jr., vs. Leila Wooten Parker, Rule No. 60397 in this Honorable Court, pursuant to the Honorable William J. Wade's memorandum opinion filed in said cause, a final decree was entered, which involved the same parties and the same subject matters, to the effect, that defendant, Leila Wooten Parker, was entitled to homestead and dower in and to certain cash funds realized from the estate of her deceased husband and that said homestead was free from the debts of said Leila Wooten Parker's creditors; that said judgment and final decree was never appealed from and now stands in full force and effect and defendant pleas to same as a complete bar to complainant's suit.

"A certified copy of Chancellor's memorandum opinion and final decree in response thereto is filed herewith as a part of this plea."

The decree and opinion in the former suit were filed as exhibits to this plea.

Complainant filed a replication to defendant's plea in which it was stated:

"Complainant for further replication says that there was no application made in either the original or any amended bill to reach the homestead interest of the defendant, and the matter was not brought forward in the order of reference to the Clerk and Master, but in the final decree exhibited with the plea it is shown that the Court estimated the amount of the homestead and gave the de-

fendant's solicitor a lien on said homestead interest for a part of his fee in this cause; that said issue of homestead was not raised by any pleading or reference, and if said decree undertook to adjudicate said matter it was ineffective to deprive complainant of his rights under the bill in this case.

"Complainant for further replication says that the right of homestead is of a changing character and at the time of his filing of the bill in this cause, it had been fully and completely abandoned by the defendant and she had taken up her residence in another state, and was not then entitled to claim her homestead.

"Complainant is advised that the right of homestead is transitory and has not yet been definitely determined, and upon the filing of the last amended bill in this case, the defendant had abandoned her home in Tennessee and was a resident of another state; all of which complainant will be able to prove upon the hearing of this cause."

Upon the pleadings and the exhibits thereto the Chancellor sustained the plea of res adjudicata and dismissed complainant's suit. Complainant appealed.

The opinion and decree in the former suit show that the fund in question was awarded defendant as homestead. In the opinion the court stated:

"The immediate questions before the court for determination, are the fees allowable to solicitors for complainant Parker, and the solicitors for the defendant, Leila Wooten Parker, as administratrix of the estate of Ernest Parker, deceased; the amount of fee allowable to Leila Wooten Parker, administratrix of the estate; the amount of homestead and dower allowable to the said Leila Wooten Parker, as widow of Ernest Parker, deceased; and whether or not the original solicitor for the said Leila Wooten Parker, in the county court, is entitled

to a lien on any sums due the said Leila Wooten Parker, from the estate of her deceased husband.''

And also stated: ''The court, therefore, is of the further opinion that the defendant Parker is entitled to have her homestead and dower set apart from the proceeds of the sale of her husband's real estate in the hands of the Clerk and Master, and that insofar as the homestead interest is concerned, it is free from the claims of her creditors. If necessary a reference will be had for this purpose.''

However, in the decree, the court did not adjudge that the cash awarded as homestead was ''free from the claims of her creditors.''

The pleadings in the present suit make the direct issue that no effort was made in the former suit by pleading or proof to subject the homestead of defendant to the satisfaction of her creditors. The opinion of the Chancellor in that suit clearly indicates that no such issue was before the court, for it is stated in the opinion: ''The immediate questions before the court for determination are . . . the amount of homestead and dower allowable to the said Leila Wooten Parker, as widow of Ernest Parker, deceased.''

To sustain a 'plea of res adjudicata the pleader must allege and prove that the issues in the former case and the pending case are identical. Jourolmon v. Massengill, 86 Tenn. 81, 5 S. W. 719; Borches & Co. v. Arbuckle Brothers, 111 Tenn. 498, 78 S. W. 266.

The original record may be examined to ascertain the issues made by the pleadings and the decision of the court thereon. State v. Bank of Commerce, 95 Tenn. 221, 31 S. W. 993.

Evidence outside the record in the former suit may be

considered to ascertain what was actually adjudicated. Shaller v. Garrett, 130 Tenn. 473, 171 S. W. 486.

■ We do not think defendant has carried the burden imposed upon her of showing that the question for decision in the instant case was decided in the former case; that is, whether complainant, a judgment creditor of Leila Parker, could subject the fund in question to the payment of his judgment.

■ Another issue is clearly made by the pleadings in the instant case: that defendant has recently become a nonresident of Tennessee and thereby abandoned her homestead right to the fund sought to be subjected.

If complainant can prove that defendant is a non-resident, her homestead in Tennessee is abandoned. Hale v. Sandusky, 181 Tenn. 26, 178 S. W. 2d 386.

The decree of the Chancellor is erroneous, so it is reversed and the cause remanded for further proceedings. The costs of the appeal are adjudged against Leila Parker.

Felts and Howell, JJ., concur.